## ASSURED REALTY, INC. v. BROWN.
No. CO78-2503.
County Court, Orange County.
September 22, 1978.

Sam Meiner, Orlando, for the plaintiff after filing of complaint.

James C. Hauser, Orlando, for the defendant.

R. JAMES STROKER, County Court Judge.

This cause came to be heard before this court on September 15, 1978 on defendant's motion to dismiss. The plaintiff filed its complaint for eviction *pro se;* at the hearing it was represented by legal counsel, Sam Meiner.

*Findings of fact*

1. The plaintiff is a corporation.

2. The plaintiff's pleadings were signed by one Mr. St. Julian, who is not licensed to practice law in the state of Florida.

3. The defendant has not placed any money into the registry of the court, even though $560 is alleged due and owing.

### Conclusions of law

**I.** *A defendant may file a motion to dismiss the pleadings, where the pleadings are defective on their face, without placing any money into the registry of the court.*

Florida Statute 83.60(2) states—

> In an action by the landlord for possession of the premises based upon non-payment of rent, if the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court, the accrued rents as alleged in the complaint. . . . Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default —

The court notes that the legislature did not state that the landlord would be entitled to a *judgment,* but the landlord would only be entitled to a *default.* In *Metcalf v. Langston,* 296 So.2d 81 (Fla. 1st DCA 1974) the 1st DCA spelled out the crucial difference between a default and judgment when it stated at page 82 —

> The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from inpeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant. Citation from *Coggin v. Barfield,* 8 So. 29 (Fla. 1942).

On numerous occasions, Florida appellate courts have denied a petitioner relief despite the fact that a default has been entered, where the plaintiff has failed to meet his burden of proof. *Manley v. Manley,* 360 So.2d 489 (Fla. 4th DCA 1978); *Bredin v. Bredin,* 89 So.2d 353 (Fla. 1956); *Lefensky v. Coe,* 16 So. 277 (Fla. 1884).

This court therefore rules that although the defendant is prohibited from raising any affirmative defenses, the defendant certainly has a right to file a motion to dismiss plaintiff's pleadings as being legally defective. Whether a default is granted or not, the plaintiff is still required to prove his case. One of the elements of proof is whether the plaintiff even has standing to bring a cause of action; if the plaintiff has no standing, defendant's motion to dismiss must be granted.

**II.** *A corporation which files an eviction proceeding pro se has no standing to evict a tenant.*

Florida Rule of Civil Procedure 1.030 specifically requires that any pleading brought on behalf of a corporation must be signed by an attorney, *Southeastern Ass'n, Inc. v. First Georgia Bank,*

362 So.2d 967 (Fla. 1st DCA 1978); *Nicholson Supply Company, Inc. v. First Federal Savings & Loan Ass'n of Hardee County,* 184 So.2d 438 (Fla. 2nd DCA 1966). The fact that the plaintiff was represented by an attorney at the hearing would not save the corporation's cause of action where the pleadings themselves were not signed by an attorney.

Florida Rule of Summary Procedure 7.050(a)(2) specifically permits a corporation to commence a cause of action when the pleadings are signed by a non-attorney. Hence whether or not a corporation may bring a cause of action for eviction *pro se* depends entirely on whether the Rules of Civil Procedure apply or whether the Rules of Summary Procedure apply.

Florida Statute 83.59(2) permits a landlord seeking to evict a tenant to avail himself of Florida Statute 51.011, which is entitled "Summary Procedure." This statute requires the defendant to answer the landlord's complaint within 5 days of the service of process. Florida Statute 51.011(1). The court notes that Florida Statute 51.011 entitled "Summary Procedure" and the Rules of Summary Procedure 7.010 etc. although similar in name, are totally distinct and separate legal proceedings. The court further notes that Section 51.011 fails to specify whether the Rules of Civil Procedure apply or the Rules of Summary Procedure apply.

In the instance where a plaintiff may use a special statutory procedure, Rule of Civil Procedure 1.010 dictates that the Rules of Civil Procedure are to apply. In *Berry v. Clement,* 346 So.2d 105 (Fla. 2nd DCA 1977), the Second District ruled at page 106 —

> "The Florida Rules of Civil Procedure apply to *special statutory proceedings* although the form, content, procedure and time for pleading prescribed in the statutes governing such proceedings are controlling unless the rule specifically provides to the contrary."

The court notes that the Rules of Summary Procedure are limited to claims for money damages less than $1,500, Florida Summary Procedure 7.010(b), and that an eviction proceeding does *not* fit within this framework. Further, the court notes, Florida Statute 83.59(2) which authorizes the use of statutory procedure, requires the landlord to file a "Complaint," not a "Statement of Claim." The significance of this wording is that a "Complaint" is filed in cases of civil procedure, Rules of Civil Procedure 1.100, whereas under the Rule of Summary Procedure 7.050, the plaintiff would file a "Statement of Claim."

It is therefore ordered and adjudged as follows —

1. The defendant is entitled to file a motion to dismiss where it is attacking the plaintiff's pleadings themselves, even though the defendant has not deposited any money into the registry of the court.

2. The plaintiff, being a corporation, does not have standing to file pleadings *pro se* and plaintiff's motion to dismiss must be granted.

3. The plaintiff is given an opportunity to amend its pleadings to conform with this order.