385 So.2d 167 (1980)
Walter Issiac LAWRENCE, Appellant,
v.
STATE of Florida, Appellee.
No. 79-443.
District Court of Appeal of Florida, Fifth District.
June 27, 1980.
*168 James B. Gibson, Public Defender, and Ronald K. Zimmett, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction and a sentence after a negotiated plea of guilty to two counts of a twelve count information.
The history of this case is rather short but is of great concern to this court. The public defender of the Seventh Judicial Circuit represented the appellant below, as he does on appeal. The appellant pleaded guilty to the charge of burglary and grand theft and the remaining charges were dropped. There was no motion to set aside the guilty plea and there is no question the appellant could not appeal the conviction after his guilty plea. His counsel on appeal, who was not the assistant public defender who represented appellant in the trial court, has assured us in his Anders[1] brief that appellant cannot appeal after a guilty plea so the appeal attacking the conviction is groundless and frivolous. This is true because section 924.06(3), Florida Statutes (1979), provides:
A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack.
See also Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
The sentence is within the lawful limits and therefore an appeal from the sentence is groundless and frivolous. Robinson v. State, 373 So.2d 898 (Fla. 1979); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
Many hours and much money in public funds have been spent in a worthless fashion to reach no end but the one expressed in this opinion. The money and time spent in the representation of appellant in the trial court was well spent and the result reached was apparently a satisfactory one for society and the accused, appellant. The state attorney and the trial judge concurred with appellant and his counsel concerning the pleas, convictions and sentences. Then, for some reason unknown to this court, trial counsel filed a notice of appeal causing the clerk of the court to prepare a many-paged record on appeal; the court reporter to prepare two transcripts of proceedings in the trial court; the assistant public defender in charge of appeals to prepare a brief which had to be typed with many copies; the assistant attorney general to review the matter and file his brief and copies after his research, writing and typing was done; our clerk's office to go through the many docketing and processing steps; a judicial aide of our court, a lawyer, to review the entire matter; and three judges of this court to spend time and effort in again reviewing the matter. The final result is that all agree, including the appellant who was given the opportunity to be heard, the appeal is groundless. We call it frivolous and deem it necessary to write this opinion to urge that something be done to assure that instances such as these do not occur again. The entire time-wasting, money-wasting and wheel-spinning procedure is not in anyone's best interests and is disruptive of the justice system which should and could be better spent deciding truly important questions of law and disputes between parties.
Because this appeal is frivolous, is taken in a case where appeals do not lie, and is taken against good faith, it is quashed. Sec. 59.33, Fla. Stat. (1979).
APPEAL QUASHED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).