PER CURIAM.
In a two count information appellant was charged with delivery of cocaine and possession of cocaine. He entered a plea of nolo contendere to delivery of cocaine, was convicted and sentenced, and now contends error in the denial of his motion for discharge on speedy trial grounds, and in the denial of his motion to suppress the contraband. The State entered a nolle prosequi as to Count II, possession of cocaine. We affirm.
This is a perplexing case with which we have more than a passing concern. It is perplexing because counsel for the State and counsel for the appellant briefed and argued the case on the basis that appellant *525 had been convicted of possession of cocaine. It gives us concern because counsel for the appellant, at oral argument, twice emphasized that appellant entered a plea to possession, as opposed to delivery, of cocaine. Under the facts of this case this is not a distinction without a difference. A mere cursory examination of the judgment of conviction and sentence, or a brief review of the transcript of the plea proceedings, would have informed all counsel of the actual plea.
The cocaine which appellant was charged with delivering was not the cocaine he was charged with possessing. His motion to suppress was directed to the contraband he was charged with possessing. Thus, that motion is not dispositive of the legal issue involved in the delivery conviction and the conviction may not be appealed after a nolo contendere plea. Brown v. State, 376 So.2d 382 (Fla.1979); see also, Section 924.06(3), Florida Statutes (1979).
In accepting the appellant’s plea of nolo contendere to delivery of cocaine the trial court explicitly advised appellant and his counsel that there was no reservation of the right to appeal the denial of the motion for discharge. Both agreed. Pursuant to Section 924.06(3), Florida Statutes (1979) this alleged error is not subject to direct appeal.
Having determined that appellant’s conviction must be affirmed for the reasons expressed above, we now direct counsel’s attention to Lawrence v. State, 385 So.2d 167 (Fla.5th DCA, 1980) where Judge Dauksch speaks of the time and money wasted on frivolous appeals. Those comments are equally applicable here. Such conduct in the future will be met with appropriate sanctions.
AFFIRMED.
MOORE and BERANEK, JJ., and LEWIS KAPNER, Associate Judge, concur.