DOWNEY, Judge.
Appellants seek reversal of an amended judgment granting specific performance of a contract for the sale of real property and awarding a brokers commission.
The evidence reflects that appellee, Arthur W. Hamm, Jr., entered into a contract with appellants for the purchase of land in Okeechobee County. When appellants refused to perform Hamm instituted this suit for specific performance. Without reciting the peculiar facts in detail, suffice to say that eventually it became apparent the appellants could not convey the entire parcel. Therefore, the trial court amended the final judgment (over which it had retained jurisdiction) to require the appellants to convey the amount of property to which they had title.
We have considered appellants’ points on appeal directed to that portion of the amended judgment requiring specific performance of their undivided three-fourths interest in the parcel in question and find no reversible error demonstrated.
While the litigation was progressing appellants requested the trial court to add Allen Real Estate, Inc., as a defendant in the action since Allen had a claim for a brokerage commission arising out of the contract in question. The court ordered Allen to be added as a party plaintiff. Thereafter, Allen filed a motion for sanctions, alleging, among other things, that it was entitled to a brokerage commission for the sale of the property and demanding that the commission be paid and that it be authorized to credit the $10,000 which it held in its trust account toward that commission. Copies of that motion were served upon counsel for appellants and counsel for Hamm, but no pleadings were ever directed to said motion. Finally, Allen moved for summary judgment on the motion for sanctions on the ground there was no genuine issue of material fact. Appellants objected to said motion for summary judgment, contending that Allen had never filed any complaint to recover its brokerage commission so that responsive pleadings could be filed to frame the issue between Allen and appellants.
Somewhat reluctantly we feel compelled to agree with appellants on this point. Appellants were not required to respond to the motion for sanctions. Had Allen filed a complaint for the brokerage commission, appellants would have been required to plead thereto and allege any defense to said claim. Under the circumstances the claim for the brokerage commission was not ripe for decision.
Accordingly, that part of the judgment awarding Allen Real Estate, Inc., a brokerage commission is reversed and the cause is remanded for further proceedings on Allen’s claim. The remainder of the judgment is affirmed in all respects.
AFFIRMED IN PART AND REVERSED IN PART, and remanded.
BERANEK and GLICKSTEIN, JJ., concur.