## HOCHE v. BERRY
### Case No. CO 80-4881
County Court, Orange County
May 29, 1981

Michael A. Campbell, for defendant.

Jenelle G. Bronson, for plaintiff.

GEORGE A. SPRINKEL IV, County Judge.

This matter having been brought for hearing before the court on May 7, 1981, and the Plaintiff having appeared in person and by counsel, and the Defendant having appeared in person and by counsel, and the court having received evidence and having heard the arguments of counsel, and being fully advised in the premises,

THE COURT FINDS that the 3-day notice which is the basis for this action, dated December 1, 1980 and attached to the complaint of the Plaintiff, makes a demand for the payment of rent and substantial late charges. A 3-day notice which includes a demand for late charge is not sufficient to terminate a residential tenancy for non-payment of rent pursuant to Florida Statutes Section 83.56(3). The court determines that late charges, unless designated as rent in a written agreement, do not constitute rent under the definition of Florida Statutes Section 83.43(6), and since those charges do not constitute rent, their payment cannot properly be demanded in a 3-day notice to pay or vacate the premises under Section 83.56(3).

THE COURT FURTHER FINDS that the defendant has paid into the court all rent due through May 31, 1981, and has satisfied all other monetary obligations due the Plaintiff through the date of the hearing.

THEREFORE IT IS ORDERED that the complaint in this action shall be dismissed on its merits, and the Defendant shall go hence without day. The Defendant has incurred no costs, and therefore no award is made. The court has previously ordered all rent paid into the court to be disbursed to the Plaintiff, and no further order for such disbursement is necessary.