COWART, Judge.
Appellant pled guilty to first degree murder under a plea bargain that he would receive a life sentence with a 25 year mandatory[1] minimum. Trial defense counsel then filed a notice of appeal and filed a statement of judicial acts to be reviewed under Florida Rule of Appellate Procedure 9.140(d) as “Defendant-Appellant requests appeal.” The public defender was appointed and ordered a complete transcript and record, reviewed it for error, found none, and filed an Anders brief and motion to withdraw. As is customary, this court extended appellant an opportunity to himself file an additional brief. Appellant then filed a document claiming that witnesses against him lied and attacking his plea and his trial counsel. Of course, appellant, not being trained in law, does not know that the matters that can be presented on an appeal following a guilty plea are very limited and that most of them, and all of the matters of which he complains, must come to the appellate court following the denial of post-trial motions made to the trial court. See, e.g., Griffin v. State, 403 So.2d 623 (Fla. 5th DCA 1981), and cases cited therein. This is one of many such appeals that should never have been filed[2] and it is
DISMISSED.
DAUKSCH, C. J., and SHARP, J., concur.

. Section 775.082, Florida Statutes (1977), provides that a person convicted of a capital felony and punished by life imprisonment shall be required to serve no less than 25 years before becoming eligible for parole. The written judgment and sentence in this case did not refer to this provision of law. While the effect of the statute does not depend upon any recital in the judgment and sentence, a reference to this provision in life sentences imposed under this statute would be the better practice.

. See Lawrence v. State, 385 So.2d 167 (Fla. 5th DCA 1980).