## AETNA LIFE INSURANCE COMPANY v. COUNTY CASUALS, INC.
Case No. CO83-2787
County Court, Orange County
July 25, 1983

Peter G. Latham, for plaintiff.

Calvin J. Faucett, for defendant.

JAMES C. HAUSER, County Judge

## IN EVICTION CASES, A TENANT MAY FILE A MOTION TO DISMISS WITHOUT FILING AN ANSWER

### FACTS

The tenant moved to dismiss the landlord's Eviction Complaint because of the latter's failure to file its annual corporate report with the Secretary of State pursuant to Florida Statute 607.357(6). The tenant's Motion was filed, in good faith, on July 12; the landlord complied on July 14th. Since the landlord had complied when this hearing was held on July 18th, the tenant's motion was denied.

After the tenant's motion was denied, the landlord orally moved that a default be entered against the tenant for his failure to file an answer within five (5) days as required by Florida Statute 51.011. The question of whether a tenant must file his answer at the same time he files his motion is constantly raised, but this Court has found no case which has decided the issue.

I. Procedure in Eviction Cases

In order to determine when the answer must be filed, it is necessary to ascertain what procedure applies to eviction cases. Florida Statute 83.59(2) permits a landlord to utilize <u>statutory</u> summary procedure, Florida Statute 51. However, if an issue is not covered by the statute, courts have unanimously decided that the Rules of Civil Procedure, not Summary Procedure, applies. *Quinn v. Orlando Housing Authority*, 385 So.2d 167 (Fla. 5th DCA 1980)[1]; *Assured Realty v. Brown*, 48 Fla.

---

[1] In *Quinn*, supra, a corporate president signed the eviction pleadings. The Florida Rules of Civil Procedure incorporate the Florida Rules of Judicial Administration 2.060(e) which required all corporate pleadings to be signed by an attorney. Florida Rules of Summary Procedure 7.050(2) permits the pleadings to be signed by a non-attorney. In ruling that eviction pleadings must be signed by an attorney, the 5th DCA necessarily ruled the Rules of Civil Procedure apply.

Supp. 180 (Orange Co., 1978); *Johnstown Properties v. Gabriel*, 50 Fla. Supp. 138 (Polk Co., 1980).

II. Florida Statute 51 and Florida Rules of Civil Procedure use similar language regarding when an answer must be filed. Florida Statute 51.011(c) states in part:

> . . . All defenses of law or fact shall be contained in the defendant's answer which shall be served within five (5) days after service of process.

The statute's language is similar to Florida Rules of Civil Procedure 1.140(a):

> A defendant shall serve his answer within twenty (20) days after service of original process and the original pleadings upon him.

and the language is virtually identical to Florida Rules of Civil Procedure 1.140(b):

> Every defense in law or fact to a claim for relief in any pleading shall be asserted in the responsive pleading thereto. . .

III. In landlord-eviction cases a motion tolls the time necessary to file an answer since F.S. 51.011 is silent on this point.

Although Florida Statute 51.011(a) permits motion practice, it fails to explain when the motion is to be filed and whether the motion tolls the time necessary to file the answer. Therefore, the Florida Rules of Civil Procedure apply. 1.010 Fla. R. of Civ. P. Pursuant to 1.140(a) Fla. R. Civ. P., a motion tolls the time necessary to file an answer.

It is important to recognize that the term "answer" is a defense pleading, Rule 1.110(a), Florida Rules of Civil Procedure, whereas the term "motion" is not a pleading. *White v. Fletcher*, 90 So.2d 129 (Fla., 1956); *Raulerson v. Hamm*, 394 So.2d 1144 (Fla. 4th DCA, 1981). Thus when the legislature requires that "all defenses of law or fact shall be contained in defendant's answer", they are referring to responsive pleadings, not motion practice.

IV. The Civil Rules require a written, not oral notice for default.

Rule 1.500(b), Florida Rules of Civil Procedure, requires that once a party has filed any paper (in this case a motion), the court cannot enter a default unless the defendant has been served with a notice of application for default. In the case at bar, the plaintiff's request for default was oral, not written. The purpose of requiring a written notice for default is explained by Florida Rules of Civil Procedure, Rule 1.500(c), which permits the defendant (tenant) to file an answer at any time prior to

when a default has been entered. Since courts want to decide cases on their merits, rather than by default, it makes sense that notice of a proposed default be given to the defendant (tenant).

V. Practical Considerations.

a. The purpose of a motion is to test the legal sufficiency of the complaint without the necessity of a trial. *Whitfield v. Whitfield*, 151 So.2d 256 (Fla. 3rd DCA, 1964). As in the case at bar, the decision to grant or deny a motion may be made after a short hearing. There is no need to subpoena witnesses, require trial preparations by the attorneys or have the court set aside time for the trial if the case may be disposed of by motion.

b. Landlord's Failure to State a Cause of Action/Pleadings Which are too Vague.

If the complaint is illegible or fails to state a cause of action, the civil rules contemplate the defendant file either a motion to dismiss or a motion for more definite statement. Where the complaint is so deficient as to be incomprehensible, justice does not require the defendant be required to answer it and go forward to trial.

c. Defects in Standing

In the case at bar, the tenant's Motion to Dismiss was made in good faith on July 12th, since on that date, the landlord had not filed its annual corporate report with the Secretary of State. The fact that the landlord complied with the statutory requirements of 607.357(6) prior to the hearing, but after the motion, should not enable the landlord to obtain a judgment without the merits of the case being heard.

d. Jurisdiction

Suppose the landlord is suing the tenant for non-payment of rent. The tenant is required to post the accrued rent into the registry of the court or waive his defenses. Florida Statute 83.60(2). What if the landlord sues in the wrong county, thereby depriving the county court of jurisdiction? On the one hand, the court cannot grant the eviction; on the other, the tenant cannot raise jurisdiction as a defense. As explained in *Assured Realty v. Brown*, 48 Fla. Supp. 180 (Orange Co., 1978), the way to resolve the problem is to permit the tenant to file defensive motions without posting the rent into the registry of the court.

## VI. Summary

The legislature's silence as to whether an answer must be filed at the same time as a motion requires that the court be guided by the Rules of Civil Procedure. Fla. Rules of Civil Procedure 1.010 Pursuant to Rule 1.140(a), Florida Rules of Civil Procedure, the filing of a motion tolls the time necessary to file an answer. In drafting Florida Statute 51.011, the legislature specifically provided for motion practice. If they wish to require an answer to be filed at the same time as the motion, they need only amend the statute.

The purpose of a motion is to narrow the legal issues at trial. If the motion is granted, no trial need be set. If the motion is denied, the court may require the tenant to answer in an expedited period of time. Although there has been a short delay in this case, that delay is attributable to the landlord for its failure to properly file its annual report. It is therefore

ORDERED AND ADJUDGED that the Plaintiff's Oral Motion for Default is denied. The Defendant has three (3) business days to file its written answers.[2]

---

[2]The Court orally informed the defendant at the hearing that the time period began running July 18, 1983.