480 So.2d 219 (1985)
INVESTMENT AND INCOME REALTY, INC., Etc., Appellant,
v.
Peggy BENTLEY, Appellee.
No. 85-671.
District Court of Appeal of Florida, Fifth District.
December 26, 1985.
*220 Frank Bankowitz of Bankowitz & Nants, Orlando, for appellant.
Homero Leon, Jr., and Jay Rose of Greater Orlando Area Legal Services, Orlando, for appellee.
UPCHURCH, Judge.
The County Court for Orange County has certified two questions pursuant to Florida Rule of Appellate Procedure 9.160(e)(2) as matters of great public importance. The trial court held that a landlord's action for eviction was premature because Florida Rule of Civil Procedure 1.090(e), which applies to delivery of notice by mail, extended the three day notice period required by sections 83.56(3) and (4), Florida Statutes (1983) of the Landlord and Tenant Act. We agree.
Appellant, Investment and Income Realty, Inc., is the landlord of residential property that was rented to tenant/appellee, Peggy Bentley, under a written lease. The lease provided that the rent installments were due on the first day of each month. On February 5, 1985, the landlord mailed the tenant a notice of overdue rent and demanded payment by February 11, 1985, which was four days, excluding a weekend, from the date of mailing. According to the notice, failure to pay within the time limit would result in the tenant's eviction. When no payment was received, the landlord filed an action for eviction on February 15, 1985.
After calculating additional time for mailing, the trial court concluded that the landlord was not entitled to file for eviction because his cause of action had not yet accrued. Upon the landlord's motion, the county court certified the following question:
Does rule 1.090(e) of the Florida Rules of Civil Procedure apply to the delivery of the notice to pay rent or vacate that is mailed under the authority of Florida Statute 83.56(3)?
We agree with the trial court and answer the question in the affirmative. A landlord is statutorily authorized to terminate a rental agreement after a tenant fails to comply within three days to a written demand for payment of rent, § 83.56(3) Fla. Stat. (1983). Delivery of the landlord's demand is governed by section 83.56(4), Florida Statutes (1983), which provides:
The delivery of the written notices required by subsections (1), (2) and (3) shall be by mailing or delivery of a true copy thereof or, if the tenant is absent from his last or usual place of residence, by leaving a copy thereof at the residence.
Under this section, the landlord had three choices: 1) hand delivery, 2) mailing, 3) or leaving a copy at the tenant's usual place of residence. When a party to a civil action conducts service by mail, an additional five days must be added to the period of time designated for response or compliance. Fla.R.Civ.P. 1.090(e). See Berry v. Clement, 346 So.2d 105 (Fla.2d DCA 1977). Having elected to mail the notice, the landlord had to allow the mailing time required by rule 1.090(e). A statutory cause of action cannot be commenced until the claimant has complied with all the conditions precedent. Perry-Morse Seed Co. v. Hitchcock, 426 So.2d 958 (Fla. 1983). Since the landlord failed to comply with the notice requirements, this action was properly dismissed. We conclude that this holding will not contradict the legislative intent of expediting landlord/tenant disputes but will result in tenants who receive notice by mail being treated similarly to those who receive notice by the other forms of delivery.
We decline to answer the second certified question as to whether section 83.56(5), *221 Florida Statutes (1983) precludes a landlord from inserting a provision in the lease which allows him to accept late or partial rent from a tenant without waiving his right to evict. Since the case was dismissed on procedural grounds, the decision of the lower court did not rest upon this question. A prior judicial determination of the certified question is necessary before an appellate court may properly be called upon to answer it. First National Bank and Trust Co. v. Great American Insurance Co., 257 So.2d 73 (Fla. 2d DCA 1972). Accordingly, the trial court's order of dismissal is
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.