## REXMERE LAKE VILLAGE MANAGEMENT, INC. v SIGNOR

Case No. 86-2368-CCH

County Court, Broward County

July 31, 1986

**APPEARANCES OF COUNSEL**

**R. Regis Reasbeck, Reasbeck, Fegers & Hess, P.A.,** for plaintiff.

**Sharon Bourassa-Diaz** and **Anne Shaughnessy, Legal Aid Service of Broward County, Inc.,** for defendants.

## OPINION OF THE COURT

PAUL L. BACKMAN, County Judge.

### ORDER OF DISMISSAL

THIS CAUSE is before the Court on the Defendants' Motion to Dismiss for failure to state a cause of action under Rule 1.140(b), Florida Rules of Civil Procedure. After considering the arguments of counsel, the pleadings and the applicable legal authorities, the Court makes the following

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### I. Findings of Fact

A. Plaintiff, REXMERE LAKE VILLAGE MANAGEMENT, INC., manages Rexmere Village, a mobile home park in Broward County, Florida. Plaintiff rents a mobile home lot to the Defendants, CLIFFORD SIGNOR and ELIZABETH SIGNOR, pursuant to an oral rental agreement which commenced July 1, 1985. The agreement provides for rent payments of $225.00 per month on the first day of each month.

B. On February 19, 1986, the Defendants paid several rental payments which had accumulated and were due through January 31, 1986.

C. On Monday, April 14, 1986, the Plaintiff mailed to the Defendants by certified mail return receipt requested a notice dated April 12, 1986, to pay rent or vacate the premises which provides in pertinent part:

YOU ARE HEREBY NOTIFIED THAT YOU ARE INDEBTED TO REXMERE LAKE VILLAGE MANAGEMENT, INC., IN THE SUM OF $705.00 FOR THE RENT AND USE OF THE PREMISES LOCATED AT:

FEB., MARCH & APRIL RENT PLUS LATE CHARGES

LOT 45, BLOCK 12

BROWARD COUNTY

FORT LAUDERDALE, FLORIDA

NOW OCCUPIED BY YOU, AND THAT REXMERE LAKE VILLAGE MANAGEMENT, INC. DEMANDS PAYMENT OF THE SAID RENT OR POSSESSION OF SAID PREMISES WITHIN THREE (3) DAYS (EXCLUDING SATURDAYS, SUNDAYS, AND LEGAL HOLIDAYS) FROM THE DATE OF POSTMARK OF THIS NOTICE.

I CERTIFY THAT I SERVED THE ABOVE NOTICE BY DE-LIVERING OR (MAILING) A COPY OF IT TO THE PER-SON(S) NAMED ABOVE, OR IN THEIR ABSENCE FROM THE ADDRESS SET FORTH ABOVE, THEIR USUAL PLACE OF RESIDENCE, BY MAILING A COPY OF THE NOTICE TO THAT ADDRESS THIS 14 DAY OF APRIL 1986.

D. Under the notice mailed Monday, April 14, 1986, the rent was due by Thursday, April 17, 1986, since there was no intervening Saturday, Sunday or legal holiday.

E. On April 28, 1986, the Plaintiff filed this action for eviction of the Defendant and their mobile home from the mobile home lot. This action is based upon the Defendants' failure to pay rent and late charges as demanded in the April 12, 1986 notice.

F. On May 1, 1986, the Defendants were served with the Complaint for Eviction.

## II. Conclusions of Law

A. Chapter 723, Florida Statutes governs this proceeding since Defendants own their mobile home and rent a lot in Rexmere Village, a mobile home park.

B. The Plaintiff's action for eviction is premature because it was filed before the Defendants' time to pay rent had expired under the notice given pursuant to §§ 723.061(1)(a) and 723.061(3), Florida Statutes.

Section 723.061(1)(a), Florida Statutes provides that a mobile home park owner may terminate a tenancy for nonpayment of rent only if the mobile home owner fails to pay rent when due and the default continues for three days after delivery of a written demand by the mobile home park owner for payment of rent.

Section 723.061(3), Florida Statutes requires that the delivery of the written notice be by certified mail.

Although section 723.061(3), Florida Statutes requires delivery of the three day notice under section 723.061(1)(a) be by certified mail, neither section provides for additional time for the Defendants to comply with the notice after service by mail. In this case, the notice was mailed on Monday, April 14, 1986, demanding payment within three days (excluding Saturdays, Sundays, and legal holidays) from the date of postmark of the notice. Under the notice, payment of the rent was due on Thursday, April 17, 1986. Thus, no time was added to the Defendants' time for compliance as the result of effecting delivery by mail.

Defendants argue that because the notice was served by mail as required by section 723.061(3), Florida Statutes, five days must be added to the prescribed period pursuant to Florida Rule of Civil Procedure 1.090(e). In *Investment and Income Realty, Inc. v. Bentley*, 480 So.2d 219 (5th DCA 1985), the court held that Florida Rule of Civil Procedure 1.090(e) applies to the delivery of the notice to pay rent or vacate that is mailed under the authority of section 83.56(3), Florida Statutes. Specifically, the court stated that "When a party to a civil action conducts service by mail, an additional five days must be added to the period of time designated for response or compliance." *Id.* at 220.

Moreover, in adding 5 days to the period of time designated for compliance, Saturdays, Sundays, and legal holidays must be excluded. In *Berry v. Clement*, 346 So.2d 105 (Fla. 2d DCA 1977), it was held that what is now Florida Rule of Civil Procedure 1.090(a) applies to chapter 51.011, Florida Statutes (the "Summary Procedure Statute") and that pursuant to the Rule intermediate Saturdays and Sundays must be excluded in computing the five day period for filing an answer to a complaint for eviction prescribed by the Statute. Chapter 51.011, Florida Statutes governs eviction proceedings initiated under both chapter 83 and chapter 723, Florida Statutes.

Therefore, five days excluding Saturdays, Sundays and legal holidays must be added in computing the time in which the Defendant must comply with the notice. Florida Rule of Civil Procedure 1.090, (a) and (e).

It is therefore held that Florida Rule of Civil Procedure 1.090, (a) and (e), governs the notice under Section 723.061(1)(a), Florida Statutes, and five days excluding Saturdays, Sundays, and legal holidays shall be added to the prescribed period. *Investment and Income Realty, Inc. v. Bentley*, 10 Fla. Supp. 2d 40 (Orange County, 1985), *affd*, 480 So.2d 219 (5 DCA 1985).

C. Defendants' further argue that because the notice was served by mail, the Defendants had the right to respond by mail, and an additional five days, excluding Saturdays, Sundays, must be added to the time for compliance by the Defendants. If the first party sends a notice by mail unless otherwise stated the second party may respond by mail. *Morrison v. Thoelke*, 155 So.2d 899 (2 DCA 1963), and Florida Rule of Civil Procedure 1.090, (a) and (e). The Defendants contend therefore that they would have had until May 1, 1986 to pay the rent and the Plaintiff's cause of action would not have accrued until May 2,

1986; thus, Plaintiff prematurely filed the complaint for eviction on April 28, 1986.

It is therefore held that since the notice to pay rent is mailed to the mobile home owner under section 723.061(3) an additional five days, excluding Saturdays and Sundays, must be added pursuant to Florida Rule of Civil Procedure 1.090, (a) and (e), so that the mobile home owner can respond by mail. In this case the Plaintiff's Complaint was prematurely filed on May 1, 1986 because Plaintiff's cause of action did not begin to accrue until May 2, 1986.

Because this action was prematurely filed on April 28,1986, it is

ORDERED AND ADJUDGED that:

1. This cause is dismissed.

2. This Court retains jurisdiction to determine an award of attorney's fees for Defendants' attorney, if any.

DONE AND ORDERED in Chambers at Hollywood, Broward County, Florida, this 31st day of July, 1986.

## ORDER RE-ADOPTING THIS COURT'S PRIOR ORDER OF DISMISSAL DATED JULY 31, 1986

THIS CAUSE having come before this Court on a rehearing which was granted in the Order dated August 14, 1986, on Plaintiff's Motion for Rehearing, and the Court having considered memoranda of law submitted by counsel for both parties, it is

ORDERED AND ADJUDGED that the Order of Dismissal entered by this Court on July 31, 1986 is incorporated herein and reaffirmed.

This Court Certifies the following as issues of great public importance:

1. Does Rule 1.090 of the Florida Rules of Civil Procedure apply to a three-day notice to pay rent or vacate the premises which is given pursuant to Chapter 723, Florida Statutes, the Florida Mobile Home Act.

2. Because the three-day notice given pursuant to Chapter 723, Florida Statutes, the Florida Mobile Home Act, must be sent by mail, is the mobile home owner entitled to respond by mail.

DONE AND ORDERED in Chambers at Hollywood, Broward County, Florida, this 13th day of November, 1986.