# THE HOUSING AUTHORITY OF THE CITY OF DAYTONA BEACH v SMITH

## Case No. 87-2281-CC-12-C

County Court, Volusia County

August 6, 1987

### APPEARANCES OF COUNSEL

**J. David McFadden** for plaintiff.

**Jim Dulfer,** Central Florida Legal Services, Inc., for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to Dismiss the Plaintiff's Petition for Removal of Tenant for non-payment of rent, upon the grounds that the three (3) day notice includes in addition to the demand for payment of rent, utilities and late charges.

This Court has previously ruled and other County Courts in other jurisdictions have determined that a demand for payment of charges in

a three (3) day notice, other than rent, such as late charges or utility charges are not "rent", unless such charges are designed as such. (See *Hoche v. Berry,* Case No. CO-80-4881, Orange County; *Barcellona West v. Ellis,* Case No. CO-83-1291, Orange County; *Gray v. Pittman,* Case No. CO-82-1469, Orange County; *Mt. Carmel Homes, Inc. v. Stephens,* Case No. 82-799-CC-12, Volusia County; *Daytona Garden Apartments v. McArthur,* Case No. 84-1461-CC-12, Volusia County; *Jerome Unitan v. Rizzo,* Case No. 85-1985-CC-12, Volusia County.)

This Court on previous occasions has interpreted that if "late charges" are included in the "rent" clause of the lease, "late charges" might be liberally construed as "rent". However, Section 83.43(6) Florida Statutes defines rent as:

> "Rent means the periodic payments due the landlord from the tenant for occupancy under a rental agreement and any other payments due the landlord from the tenant *as may be designated as rent* in a written rental agreement." (underscoring supplied)

Ballentine's Law Dictionary defines "designate" follows:

> "To mark out and make known; to point out; to name; to indicate; to signify or choice or selection."

Therefore, merely to include late charges in a rent clause would not in and of itself designate late charges to be rent unless it was marked out or made known or pointed out as rent.

This Court therefore recedes from its previous interpretation and rules that unless designated as rent, late charges are not considered as rent even if included in the rent clause of the lease.

The same ruling applies to utility charges. Since utility charges are not designated as rent, including utility charges in a three day notice to pay rent, makes the three day notice defective, it is therefore

ORDERED AND ADJUDGED that the Motion to Dismiss, be and the same, is hereby granted, and it is further

ORDERED AND ADJUDGED that the Clerk of the Court shall pay to the plaintiff the sum of $106.00 deposited in the Registry of this Court, and it is further

ORDERED AND ADJUDGED that the Court reserves jurisdiction to award reasonable attorney's fees to the prevailing party.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida, this 6th day of August, 1987.