## CUMMINGS v GILES
### Case No. 89-1187 CC-W
County Court, Broward County
May 1, 1989

### APPEARANCES OF COUNSEL

**Donna Szczebak O'Neil,** for plaintiff.

**Sharon Bourassa-Diaz,** Legal Aid Service of Broward County, for defendant.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

### *ORDER OF DISMISSAL WITH PREJUDICE*

THIS CAUSE having come on to be heard upon Defendants' Amended Motion to Dismiss Plaintiffs' Complaint for Tenant Eviction, and the Court having heard counsel, and being fully advised in the premises, makes the following findings:

1. Plaintiffs gave Defendants two separate notices: a notice attached to the Complaint dated March 1, 1989, requesting that Defendants vacate the premises by March 31, 1989, and a notice dated April 5,

1989, giving the Defendants three days to pay rent or vacate the premises.

2. The Complaint for Tenant Eviction was prematurely filed April 4, 1988, prior to the expiration of the second notice dated April 5, 1989.

3. The second notice dated April 5, 1989 supercedes the first notice dated March 1, 1989 and renders the March 1, 1989 notice a legal nullity.

4. The second notice dated April 5, 1989 fails to meet the requirements of F.S. § 83.56(3) in that:

a. It fails to advise the tenant that they have three days (excluding Saturday, Sunday and legal holidays) to pay rent or vacate the premises.

b. It fails to provide the additional five days after service by mail required by 1.090(e), Florida Rules of Civil Procedure.

c. It fails to specifically state the date in which the Defendants' were required to tender rent.

It is therefore ORDERED and ADJUDGED:

A. The second notice dated April 5, 1989 supercedes the first notice dated March 1, 1989, rendering the March 1, 1989 notice a legal nullity.

B. The Defendants relied on the second notice dated April 5, 1989, which notice must comply with F.S. § 83.56(3) in order to be valid.

C. The Complaint for Tenant Eviction was prematurely filed.

D. Plaintiffs' Complaint for Tenant Eviction fails to state a cause of action and is hereby dismissed with prejudice.

E. Defendants' Amended Motion to Dismiss is granted.

F. The Court retains jurisdiction over the issue of attorney's fees and costs.

DONE AND ORDERED in Chambers at Lauderhill, Broward County, Florida, on this 1st day of May, 1989.