## DELAND HOUSING AUTHORITY v GOOSBY
### Case No. 89-2701-CC-11-AA
County Court, Volusia County

November 15, 1989

**APPEARANCES OF COUNSEL**

**Daniel R. Vaughen,** for plaintiff.

**Rose M. Levering,** Central Florida Legal Services, Inc., for defendant.

**OPINION OF THE COURT**

HARRISON D. GRIFFIN, County Judge.

*ORDER DISMISSING COMPLAINT*

This Cause came on to be heard on Defendant's Motion to Dismiss for a defective three-day notice. Having heard argument of counsel and considered applicable legal authority, the Court finds as follows:

1. This is an action to evict Defendant from public housing for non-payment of rent pursuant to § 83.40, *et. seq., Fla. Stat.* As required by law, Plaintiff delivered to Defendant a "three-day notice" to pay the accrued rent or to surrender possession. As admitted in the Complaint, the notice was mailed to Defendant on September 27, 1989, and demanded payment or possession on or before October 5, 1989. This time period allows eight days for compliance and falls over a weekend.

2. It has been established that where a landlord elects to mail a three-day notice to a tenant, he must allow five days mailing time required by RUle 1.090(e), Fla.R.Civ.P. *Investment and Income Realty, Inc. v Bentley,* 480 So.2d 219 (Fla. 5th DCA 1985). Plaintiff has complied with this requirement, as it has allowed eight, rather than three, days to respond.

3. However, Plaintiff is also required to exclude Saturdays, Sundays, and legal holidays from its computations. This requirement was relied on by the Court in *Rexmere Village Management v Signor,* 20 F.S. 2d 67 (Broward County Ct., 1986). In that case the Broward County Court held that where a landlord served a three-day notice by mail, not only must five days be added to the time for compliance, as required by *Investment and Income Realty, Inc.,* but also that Rule 1.090(a) governs and weekends and holidays must be excluded when computing the time in which the Defendant must comply with the notice. 20 F.S. 2d at 70. That case construed the requirements of a three-day notice served pursuant to § 723.061, the Florida Mobile Home Act; however, as the notice requirements construed are the same as those in the Landlord and Tenant Act, and the Court's reasoning is sound, the exclusionary rule should be applied in the instant case as well.

4. As applied, the fact that weekends were not excluded renders the three-day notice served in this action defective. A proper three-day notice is a statutory prerequisite to an eviction action for non-payment. Therefore, since Plaintiff's notice was insufficient, this action should be dismissed.

5. Further, the defect is one which cannot be cured by amending the complaint.

THEREFORE IT IS HEREBY ORDERED and AJUDGED that Defendant's Motion to Dismiss is granted without leave to amend.

DONE and ORDERED in Chambers, at DeLand, Volusia County, Florida, this 15th day of November, 1989.