## METROPOLITAN DADE COUNTY, etc. v DANSEY
### Case No. 89-8980 CC 05
County Court, Dade County
February 1, 1990 and April 3, 1990

### APPEARANCES OF COUNSEL

**Henry Gillman, Esquire,** Assistant County Attorney, for plaintiff.

**Peter H. Barber, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

JOAN A. LENARD, County Judge.

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the court on defendant's motion to dismiss and the court having held a hearing on January 25, 1990 and being fully advised in the premises hereby rules as follows:

This is an action for possession of a dwelling unit under § 83.59, Fla. Stat. by plaintiff Dade County, as owner, and operator of public housing under the United States Housing Act of 1937, Pub.L.No. 91-52, § 213(a), 83 Stat. 389 (1969) codified at 42 U.S.C. § 1437(a), against defendant Florabell Dansey, a tenant in public housing, for an alleged failure to pay rent. Defendant has argued, by way of a motion to dismiss that the notice terminating the tenancy is deficient and therefore plaintiff has failed to comply with a necessary precondition to bringing an action for possession.

A statutory cause of action cannot be commenced until the plaintiff has complied with all conditions precedent. *Ferry-Morse Seed Co. v Hitchcock,* 426 So.2d 958, 961 (Fla. 1983). A necessary precondition to an action for possession under the Residential Landlord Tenant Act, Chapter 83, Part II Fla. Stat. ("Act"), is service by the landlord on the tenant of a proper notice terminating the tenants. *Investment and Income Realty, Inc. v Bentley,* 480 So.2d 219 (Fla. 5th DCA 1985).

In the present case the notice served on the tenant and attached to the complaint is deficient for three reasons. First, the notice fails to specifically state the date on which the defendant was required to tender the rent as required by § 83.56(3). *See Cummings v Giles,* 34 Fla. Supp.2d 117 (Broward Co. 1989). The plaintiff has argued that the requirements of § 83.56(3) do not apply because the plaintiff is governed by the federal statute and implementing regulations at 24 C.F.R. part 966 rather than by the Act. This argument is incorrect however as it is clear that the federal requirements are in addition to, not a substitute for, the requirements of the Act. For example, 24 C.F.R. § 966(e) states that public housing landlords may not include in their lease a provision that would waive legal proceedings under state law for eviction actions. Thus, the regulations themselves contemplate resort to state law process for carrying out evictions, in addition to the federal requirements.

Second, the notice in the present case is deficient for failure to add additional time for compliance with the demand to pay rent to allow for mailing time as required by Rule 1.090(e) of the Florida Rules of Civil Procedure. *Investment and Income Realty, Inc. v Bentley,* 480 So.2d 219 (Fla. 5th DCA 1985).

Third, the notice is deficient in that it does not accurately state the

exact amount of rent due. *Baker v Clifford-Matthew Inv. Co.,* 128 So. 827, 829 (Fla. 1930). The amount demanded in the notice includes late charges, a charge for a door repair and court cost charges. Indisputably the plaintiff treats these charges as rent. However the law is clear that a notice demanding payment of rent which includes a demand for payment of additional charges is deficient for purposes of an action for possession based on non-payment of rent. *See Housing Auth. of the City of Daytona Beach v Smith,* 27 Fla. Supp.2d 30 (Orange Co. 1987); *Barcelona West v Ellis,* 4 Fla. Supp.2d 71 (Orange Co. 1981); *Hoche v Berry,* 5 Fla. Supp.2d 110 (Orange Co. 1981).

Plaintiff argued at the hearing that the defendant cannot raise the deficiencies in the complaint because the defendant has not deposited rent into the registry of the court in accordance with § 83.60(2). However the deficiencies in the notice terminating the tenancy are jurisdictional defects which render the complaint a nullity; such deficiencies require that the complaint be dismissed. They are more than mere defenses. *Assure Realty, Inc. v Brown,* 48 Fla. Supp. 180 (Orange Co. 1978).

This court is without the power to grant relief on the basis of a jurisdictionally deficient complaint. *See Bredin v Bredin,* 89 So.2d 353, 355 (Fla. 1956) (A default "admits the factual allegations of the complaint but it does not endow a trial court with power to enter a decree which neither the pleadings nor the law applicable allow him to enter"). Thus, "the defendant certainly has a right to file a motion to dismiss plaintiff's pleadings as being legally defective." *Assured Realty, Inc.,* 48 Fla. Supp. at 181.

The complaint will be dismissed without prejudice and plaintiff will be allowed to file a new case upon meeting the necessary preconditions to a statutory action under § 83.56 Fla. Stat. This must be a new action, not an amended complaint in the present action. In *Rolling Oaks Homeowner's Association v Dade County,* 492 So.2d 686 (Fla. 3d DCA 1986) the court held that when less than all of the requisite elements of a cause of action are in existence when the complaint is filed the trial court should dismiss without leave to amend. 492 So.2d at 688. "In such a case, the claims should be dismissed without leave to amend, allowing the refiling of a new suit if, as and when such alleged causes of action mature." *Id.* In the present case less than all of the elements of the claim for eviction were present because the tenancy had not been properly terminated by the serving of an effective notice. Thus the original complaint was premature. *See e.g., Investment Income and Realty, Inc. v Bentley,* 480 So.2d 219 (Fla. 5th DCA 1985).

171

It is therefore ORDERED AND ADJUDGED as follows:

1. This case be and the same is hereby DISMISSED without prejudice.

2. The court retains jurisdiction to entertain a motion for attorney's fees and costs.

ORDERED AND ADJUDGED in Chambers at Miami, Dade County, Florida this 1st day of February, 1990.

### AMENDED JUDGMENT AND FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS AND ORDER ON PLAINTIFF'S MOTION TO STAY MOTION FOR ATTORNEY'S FEES AND COSTS

THIS CAUSE is before the court on defendant's motion for attorney's fees and costs as well as plaintiff's motion to stay hearing on defendant's motion for attorney's fees and costs and the court having held an evidentiary hearing on March 8, 1990 and being otherwise fully advised in the premises hereby enters its findings of fact and conclusions of law as follows:

1. This action was brought under Chapter 83, Part II Fla. Stat. by plaintiff Metropolitan Dade County to gain possession of a public housing unit rented by plaintiff to defendant Florabell Dansey and her family. Defendant's counsel is Legal Services of Greater Miami, Inc. (LSGMI).

2. On February 1, 1990 this court entered an order granting defendant's motion to dismiss and retained jurisdiction to entertain a motion for attorney's fees and costs.

3. Section 83.48 Fla. Stat. authorizes an award of costs and attorney's fees to the prevailing party in an action under Chapter 83, Part II Fla. Stat.

4. The uncontradicted evidence shows that defendant's attorney Peter H. Barber of LSGMI reasonably spent a total of 15.4 hours on this case.

5. Defendant's counsel is entitled to compensation at the prevailing rate in the Miami area even though LSGMI does not charge its clients fees. *Blum v Stenson,* 465 U.S. 886 (1984). The rate requested of $175 per hour is well within the market range for an attorney of Mr. Barber's skill, experience, and reputation.

6. This court will therefore award fees in the requested amount of $2,685 (15.4 hours × $175.00 per hour).

7. Accordingly, for the sum of $2,695.00 let execution issue together with interest at the legal rate from and after the date of this judgment and until paid.

8. Plaintiff's motion for stay is denied.

DONE AND ORDERED at Miami, Dade County, Florida, this 3rd day of April, 1990.