## MARCRUM MANAGEMENT CO., etc. v PHILLIPS

Case No. 90-04702-C0CE-53

County Court, Broward County

May 2, 1990

### APPEARANCES OF COUNSEL

**Lee H. Schillinger, Esquire,** for plaintiff.

**Abbe Cohn, Esquire,** Legal Aid Service of Broward County, Inc., for defendant.

### OPINION OF THE COURT

WILLIAM W. HERRING, County Judge.

### *ORDER GRANTING DISMISSAL WITH PREJUDICE*

THIS CAUSE came before the Court on April 11, 1990, upon the Defendant's Motion To Dismiss. The Court having reviewed its file, heard argument of respective counsel, and being otherwise advised in the premises, makes the following findings of fact and conclusions of law:

### *FINDINGS OF FACT*

1. The Defendant is a tenant receiving benefits under Section 8 of the

United States Housing Act of 1937, as amended, 42 U.S.C. section 1437f, and Section 236 of the National Housing Act, 12 U.S.C. section 1215z-1.

2. The landlord is a private landlord for a multi-family housing project that receives the benefit of a federal subsidy in the form of interest reduction payments under Section 236 of the National Housing Act. Under the Section 8 program the tenant is responsible for paying thirty percent (30%) of the tenant's income as rent. The federal government is responsible for paying the remaining portion of the rent to the landlord.

3. The landlord is attempting to evict the tenant for alleged failure to pay rent. The landlord both mailed and hand-delivered to the tenant a ten-day notice of termination of lease agreement. The notice that was mailed did not provide five additional days for mailing.

## CONCLUSIONS OF LAW

4. The ten-day notice of termination of lease agreement dated February 12, 1990 attached to the Plaintiff's Complaint for Tenant Eviction is fatally and jurisdictionally defective because it failed to comply with Rule 1.090(e) of the Florida Rules of Civil Procedure, which provides for an additional five (5) days for mailing, to wit: "When a party has the right or is required to do some act or take some proceeding within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, five days shall be added to the prescribed period." The tenant should have had five additional days to pay rent or deliver possession.

5. The applicable federal regulation governing this eviction is 24 C.F.R. section 247.6. This regulation states in pertinent part that a tenant may rely on state law governing an eviction if such procedures provide the tenant with additional procedural rights than those within the federal regulations.

6. State law, specifically Rule 1.090(e) of the Florida Rules of Civil Procedure, provides additional procedural rights to a tenant who receives notice by mail. Therefore, state law is applicable herein. In *Investment & Income Realty, Inc. v Bentley*, 480 So.2d 219 (5th DCA 1985), the court held that Rule 1.090(e) of the Florida Rules of Civil Procedure applies to the delivery of the notice to pay rent or vacate which is mailed under section 83.56 of the Florida Statutes. In *Rexmere Lake Village Management, Inc. v Signor*, 20 Fla.Supp.2d 68 (Broward County, 1986), the court held that a three-day notice to pay rent or vacate that is mailed must include five additional days for mailing.

**199**

7. State law requires that when a notice is both mailed and hand delivered, the date whichever occurs later controls. Under section 48.183(2), Florida Statutes, the landlord is required to both mail and post the complaint for tenant eviction. The time for answering the complaint for tenant eviction is calculated by whichever date occurred later. A contrary interpretation would render the requirement of mailing surplusage and nugatory.

8. The notice which was served by mail to the tenant was received subsequent to the notice that was hand delivered. It stated that the tenant had until February 22, 1990 to pay rent or deliver possession of the premises. This notice should have stated that the tenant had until February 27, 1990 to pay rent or deliver possession of the premises. Thus, the notice which was served by mail to the tenant is fatally and jurisdictionally defective in that it did not include five (5) days for mailing in accordance with Rule 1.090(e) of the Florida Rules of Civil Procedure.

Therefore, it is hereby

ORDERED that:

A. The Motion to Dismiss Complaint for Tenant Eviction filed herein by the Defendant, JUANITA PHILLIPS, be and the same is GRANTED.

B. The Complaint for Tenant Eviction filed herein by the Plaintiff, MARCRUM MANAGEMENT CO., etc., be and is hereby dismissed, with prejudice.

C. This Court retains jurisdiction over the issue of attorney's fees and costs.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of May, 1990.

*Editor's Note:* A Motion for Rehearing was filed and subsequently denied by the Court.