# HOLY COMFORTER SENIOR HOUSING, INC. v POPE

## Case No. 91-8529 CC 05

County Court, Dade County

June 7, 1991

### APPEARANCES OF COUNSEL

**Gregory T. Zell, Esquire,** for plaintiff.

**Peter H. Barber, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

### OPINION OF THE COURT

PHILIP COOK, County Judge.

### *ORDER GRANTING MOTION TO DISMISS AND DIRECTING THAT MONEY IN THE COURT REGISTRY BE FORWARDED TO LANDLORD*

THIS CAUSE is before the court on defendant's *ore tenus* motion to dismiss, and the court having held a hearing on June 3, 1991 and being fully advised in the premises hereby rules as follows:

This is an action for possession of a dwelling unit under § 83.59 Fla.

Stat. by plaintiff Holy Comforter Senior Housing, Inc., as owner and operator of subsidized housing under the United States Housing Act of 1937, Public Law No. 91-52, § 213(a), 83 Stat. 389 (1969) codified at 42 U.S.C. § 1437 *et seq.,* against defendant Oswald Pope a tenant in subsidized housing, for an alleged breach of a lease. Defendant has argued that the notice terminating the defendant's lease is deficient and therefore plaintiff has failed to comply with a necessary precondition to bringing an action for possession.

A statutory cause of action cannot be commenced until the plaintiff has complied with all conditions precedent. *Ferry-Morse Seed Co. v Hitchcock,* 426 So.2d 958, 961 (Fla. 1983). A necessary precondition to an action for possession under the Residential Landlord Tenant Act, Chapter 83, Part II, Fla. Stat. ("Act"), is service by the landlord on the tenant of a proper notice terminating the tenancy. *Investment and Income Realty, Inc. v Bentley,* 480 So.2d 219 (5th DCA 1985). In the present case the notice served on the tenant and attached to the complaint is deficient. The notice fails to comply with regulations under the United States Housing Act of 1937, such regulations for certain subsidized housing being found at 24 CFR part 247. The housing in the present case is what is known as § 236 housing which also receives the benefit of subsidies under the federal Section 8 program. Under 24 CFR § 247.2 such housing is defined as a "Subsidized Project." 24 CFR § 247.2(e).

Under the federal regulations when the landlord attempts to terminate a tenancy the termination notice must be in writing and must state specific matters. *See* 24 CFR § 247.4(a). Specifically the termination notice must "advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense." 24 CFR § 247.4(a)(3). In the present case this required regulatory language was missing from the termination notice.

The deficiency in the notice terminating the tenancy is a jurisdictional defect which renders the complaint a nullity. *See e.g., Metropolitan Dade County v Dansey,* 39 Fla. Supp. 2d 216 (Dade Co. 1990). The federal regulations governing terminations must be followed as well as state law. *Id.* at 217. Therefore this court is without power to grant the relief requested in the complaint. Accordingly, this case is hereby DISMISSED.

The defendant paid his rent for May into the registry of the Clerk of the Court. The amount paid was $94.00. Accordingly, that money should now be disbursed to the landlord. Therefore, it is hereby

130

ORDERED that the Clerk of Court immediately pay over said $94.00 to the landlord and mail same immediately to Holy Comforter Senior Housing, Inc., at 190 S.W. 13 Avenue, Miami, Florida 33135.

ORDERED AND ADJUDGED in Chambers at Miami, Dade County, Florida this 7th day of June, 1991.