### BARCELONA WEST v. ELLIS
Case No. CO83-1291
County Court, Orange County
April 21, 1983

Frederick and Beverly Ellis, *pro se.*

Edmund T. Woolfolk, for plaintiff.

Jay Rose, Greater Orlando Area Legal Services, amicus curiae.

JAMES C. HAUSER, County Judge

This cause came this Court on April 18, 1983. On April 5, 1983, this Court granted the Plaintiff a Writ of Possession, but stayed the Writ after the Defendant persuaded this Court he never received notice of

the hearing. The Defendant has placed all rent alleged due and owing into the registry of the Court. This rent does not include late charges.

The Defendant claims the Plaintiff's three day notice to evict him is defective because it requires the Defendant not only to pay rent, but late charges. See Appendix 1.

The notice requirements to evict for non-payment of rent are set forth at Florida Statutes 83.56(3).

> If the tenant fails to pay rent when due and default continues for three days, excluding Saturday, Sunday and legal holidays, after delivery of a written demand for payment of *rent* or possession of the premises, the landlord may terminate the rental agreement.

Two Orange County courts have previously ruled that if a three day notice requires late charges, that said notice is defective. *Hoche v. Berry*, CO80-441 (Orange County, Judge Sprinkel); *Gray v. Pittman*, CO82-1469 (Orange County, Judge Cycmanick).

Plaintiff correctly points out that pursuant to Florida Statute 83.43(6), late charges could be considered a part of rent. Florida Statute 83.43(6):

> ''rent'' means the periodic payments due the landlord from the tenant for occupancy under a rental agreement and any *other payments* due the landlord from the tenant as may be *designated* as rent in a written agreement.

Plaintiff's lease, attached as Exhibit 2, states:

> ''rent'' 3.   Lessee covenants and agrees to pay to lessor during the term of this lease when due and without notice . . . Tenant also agrees to pay a late charge of $10.00 for any monthly payment due to the lessor on the 5th day of each month in which the rental payment is due and an additional late charge of $1.00 per day thereafter. . .

Without deciding whether the late charge is unconscionable, see *Spring Valley Gardens Associates v. Earle*, 447 NYS2d 629 (Rockland County Court, 1982), suffice it to say that ''late charges'' are not specifically designated as ''rent''. That being the case, the eviction notice is fatally defective.[1] It is therefore

ORDERED AND ADJUDGED that the Plaintiff's Complaint for Writ of Possession is denied. The Judgment of April 5, 1983 is quashed.

---

[1] The failure to pay ''late charges'' may, under certain circumstances, be considered a violation of the lease. The landlord's remedy for eviction would thus fall under Florida Statute 83.56(2) not 83.56(3).

## THREE DAY NOTICE

### DELINQUENT RENT

TO: _____     FROM: _____ Apartments
    _____             _____
    _____             _____

RE:  Rent for Apt. # _____

You are herby notified that you are indebted to me in the sum of
$_____ for the rent and use of the premises located at _____
_____, _____ County, Florida,
now occupied by you, and that I demand payment of the said rent or
possession of said premises within three (3) days (excluding Saturdays,
Sundays, and legal holidays) from the date of delivery of this notice,
to wit:  on or before the _____ day of _____, 19____.
_____

This notice is given you pursuant to Florida Statute §83.56(3).

Termination of your tenancy does not relieve you from any of your
obligations under the lease, including liability for rental payment.

_____
                LANDLORD


DELIVERY CERTIFICATION:

I certify that I served a true and correct copy of the foregoing
Three Day Notice on the above-named tenant this ____ day of _____
_____, 19__, in the following manner. (check one)


(  )  By personally serving same upon said tenant.

( )   By posting same at the above-described premises in
      the absence of said tenant.

_____


Exhibit 1

RENEWAL

LEASE

THIS LEASE, made and entered into this **1st** day of **July** 19 **82** by and between **Barcelona West Apartments** (hereinafter referred to as "Lessor") party of the first part, and **Frederick & Beverly Ellis** (hereinafter referred to as "Lessee") party of the second part

WITNESSETH

Whereas, Lessor has represented, and does hereby represent unto Lessee, that Lessor is the owner of a parcel of land located at **2541 W. Oakridge Rd. Orlando** and known as **Barcelona West** Apartments and proposes to lease the part thereof hereinafter described to Lessee

NOW, THEREFORE, in consideration of the premises and of the demises hereinafter made, and of the mutual convenants promises and agreements hereinafter expressed, it is convenanted and agreed by and between the parties hereto as follows

**PREMISES**   1   Lessor hereby leases and Lessee agrees to rent for the term hereinafter referred to that certain Apartment No **209B** on the **1st** Floor in Building **2541** to be occupied by one (family) (party) consisting of **2** adults and **1** children and no more

**TERM**   2   The term of this lease shall be for a period of **1 Year**, commencing from the **1st** day of **July** 19 **82** to the **30th** day of **June** 19 **83** The Lessor hereby designates **Barcelona West Apartments**, whose address is **2527 W. Oakridge Rd. Orlando, Florida** as the agent to receive any and all rent, notices and demands in his behalf made by the Lessee,

**RENT**   3   Lessee convenants and agrees to pay to Lessor during the term of this lease when due and without notice or demand an annual rental of $ **3180.00** payable monthly in advance, in equal monthly installments of $ **265.00** each month due and payable on the first day of each month. Tenant also agrees to pay a late charge fee of $10.00 for any monthly payment due to the Lessor on the 5th day of the month in which the rental payment is due, and an additional late charge fee of $1.00 per day thereafter until said payment and late charge fees are paid in full

**SECURITY DEPOSIT**   4   Lessee hereby agrees to deposit with the Lessor an amount of $ **250.00** as a security deposit under this Lease. This security deposit to be paid by Lessee upon occupation of the premises described above, shall be held by Lessor subject to the faithful performance of the terms and covenants herein to be performed by the Lessee. In the event of a breach by the Lessee of any of the terms or covenants of this lease the aforesaid security deposit shall be forfeited by the Lessee, but said forfeiture and retention of said security deposit by Lessor shall in no way be interpreted as preventing Lessor from obtaining damages for breach of this lease in any appropriate legal action in the event that all of said terms and conditions herein to be performed by the Lessee are complied with. Then in such event the security deposit shall be returned to the Lessee within a reasonable time after possession of the premises has been delivered by Lessee to Lessor and after inspection of premises by Lessor and repair of any damage to said premises, furniture or fixtures located therein Lessor reserves the right to deduct from said security deposit such sums as are necessary to pay for any cleaning of or damages to the premises or contents therein. These monies are deposited in the **Barnett** Bank of **Orlando**.

**LESSORS RIGHT TO RE-ENTER FOR BREACH**

5   In the event that Lessee vacates or abandons the apartment before the expiration of the term, whether voluntarily or involuntarily or violates any of the terms, conditions or covenants hereof, including rules and regulations Lessor shall have the right at its option of terminating this lease agreement or of continuing this lease agreement for the duration of the term and renting the apartment as agent of Lessee applying the proceeds received for such reletting first towards the payment of costs and expenses, and next toward the payments of rent and/or other charges due by Lessee under this lease, and Lessee will in such case remain liable for the damages suffered by Lessor. In either event, without any prior notice to Lessee, Lessor shall have the right, without being guilty of trespass or liable for damages of re-entering said apartment and taking possession of the same. Lessor shall have the further right in such case of removing any personal property belonging to Lessee from said apartment and storing same at the expense of the Lessee. If said stored items are not claimed by Lessee within thirty (30) days after said removal from the apartment, Lessor is authorized to deliver the said personal property to any charitable organization or to any creditor who claim the same. Lessee hereby releases and discharges Lessor, its successors, assigns, employees and servant from any liability with respect to or arising out of its taking any action pursuant to the terms of this paragraph or any other provision of this lease, If the Lessee shall default in the payment of the rent or if the Lessee shall violate any of the covenants of this lease or the published rules and regulations, then the Lessee shall become a tenant at sufference and the Lessor shall be immediately entitled to re-enter and retake possession and recover damages for any expense incurred, including reasonable attorney fees interest and costs, in enforcing any of the terms or provisions of this lease including, but not limited to, the eviction of the Lessee by judicial process or the collection or rent due hereunder

**COMPLIANCE WITH LAW**

6   And the said Lessee further covenants and agrees not to use nor permit the premises to be used for any illegal, immoral or improper purposes, not to make nor permit any disturbance, noise or annoyance whatsoever detrimental to the comfort and peace of any inhabitants of said building or its neighbors Lessee shall not use said premises for any other purpose than as a private dwelling. In the event of a breach of any of these covenants Lessee agrees to immediately surrender possession of the demised premises to Lessor upon Lessor's demand. It is further agreed by Lessee that Lessor's determination of a breach under this provision shall be conclusive.

**CONTENTS**   7   It is understood that demised premises are leased unfurnished except for range, refrigerator, heating and air-conditioning equipment, carpet, drapes and *(handwritten)* unless otherwise indicated by attached contents inventory.

**QUIET ENJOYMENT**   8   And the Lessor, upon performance of the said covenants, agreements and conditions by said Lessee hereby covenants that the said Lessee shall have the quiet and peaceable enjoyment of said premises

**PERMIT LESSOR TO ENTER**

9   Lessor or its agents shall have the right at all reasonable times to enter the leased apartment to show it to prospective Lessee or purchaser and to make maintenance inspection, repairs or for the benefit or welfare of the premises.

**COMPLIANCE WITH HOUSE RULES**

10. The rules and regulations attached to this agreement are part of this lease and are assented to by Lessee who agrees to abide by them. The Lessor shall have the right to change, modify, alter, amend and add to such rules and regulations whenever in its opinion it is necessary or advisable to do so for the safety, economy, preservation or cleanliness, in the operation and maintenance of the building or for the safety, comfort, convenience or welfare of the Lessees Lessor shall notify Lessee in writing of any such changes

**PREMISE UNFIT FOR USE**

11 If the premises demised to Lessee shall be destroyed by fire, storm or other casualty, or shall be so damaged through no fault of Lessee as to be rendered unfit for use by the Lessee for the purpose so demised, until the same shall be restored and made fit for occupancy, the rent contracted to be paid shall abate and if the premises shall not be restored within a period of six (6) months after date of such damage the Lessee may elect to cancel this lease because of such destruction or damage

**WAIVER**   12. That no assent by Lessor or its agents, expressed or implied, to any breach of one or more of the covenants and agreements hereof shall be deemed or taken to be a waiver of any succeeding or subsequent breach

**REPRESENTATIONS** 13 The Lessor or its agents have made no representations or promises with respect to the said premises except as expressly set forth herein The taking possession of the leased premises by Lessee shall be conclusive evidence, as against Lessee, that said premises, and the building of which the same form a part were in excellent condition at the time such possession was so taken

**NO ASSIGNMENT WITHOUT CONSENT**

14 Lessee will not sublet the premises or any part thereof assign this Lease or permit any transfer thereof by operation of law without the written consent of the Lessee Any assignee or sub lease must be approved by Lessor Such written consent or approval by Lessor shall in no way effect Lessee s liability under law in the event of an assignment or sub-lease

**UTILITIES**   15 Lessor shall pay for water and garbage collection Lessee shall pay for all other utilities and applicable sales tax in connection with the rental payments under this Lease Lessee shall specifically pay for any use tax or any other such assessment now in effect or hereinafter put into effect by an appropriate governmental authority