492 So.2d 686 (1986)
ROLLING OAKS HOMEOWNER'S ASS'N, INC., Mildred Harris and Barry Young, Appellants,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, and Sergio Pereira, County Manager, Emil Morton, Lottie Morton, Individually, and As Trustee, Lawrence Morton, Individually and As Trustee, D/B/a Morton Properties; Dolphin Stadium Corp., a Florida Corporation; State of Florida, Department of Community Affairs and Department of Transportation; South Florida Regional Planning Council, Appellees.
No. 85-1948.
District Court of Appeal of Florida, Third District.
June 26, 1986.
Rehearing and Certification Denied September 8, 1986.
*687 H.T. Smith, Miami, for appellants.
Robert A. Ginsburg, Dade County Atty., Robert L. Krawcheck and James J. Allen, Asst. Co. Attys., Miami, for appellees Dade County and Sergio Pereira.
Donald S. Rosenberg and Stephen H. Reisman of Rosenberg Reisman & Glass, Miami, for appellee Morton Properties.
Robert L. Shevin and Brian S. Dervishi of Sparber, Shevin, Shapo, Heilbronner & Book, P.A., Miami, for appellee Dolphin Stadium Corp.
PER CURIAM.
The appellants, Rolling Oaks Homeowners Ass'n, Inc., Mildred Harris and Barry Young, seek reversal of an order of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, which dismissed their Third Amended Complaint.
The Third Amended Complaint sought legal and equitable relief in nine counts against the appellees, Dade County, Merrett Stierheim, then County Manager, Emil, Lottie and Lawrence Morton, individually and as trustees, Dolphin Stadium Corp., State of Florida, Department of Community Affairs and Department of Transportation, and the South Florida Regional Planning Council. The suit was brought by the appellant homeowner association and two affected homeowners, whose property lies in the northwest section of Dade County commonly known as the Lake Lucerne property. The allegations established that the Mortons donated a tract of real property to Dade County, subject to certain reversionary rights, which the County has accepted. The Dolphin Stadium Corp. entered into contracts with the County to lease said property for the purpose of constructing a large sports stadium and attendant commercial facilities. The individual appellants, who live nearby in a "middle to upper-income single family" dwelling subdivision, have sought to prevent the construction of the planned complex in such close proximity to their residential property by seeking relief before numerous administrative tribunals. Dissatisfied with the results obtained, they commenced this suit in nine counts for declaratory and other relief. From an order granting motions to dismiss four counts with prejudice and dismissing the remaining five counts with leave to amend, the appellants have perfected this appeal.
The circuit court order is a well considered twenty-two page document in which the trial judge reviewed each count separately and discussed his legal conclusions regarding the validity thereof. At the conclusion of his analysis of the pleading, the trial judge provided in this order:
Accordingly, Counts I, II, III and VIII are dismissed with prejudice. Counts IV, V, VI, VII and IX are dismissed without prejudice. The Plaintiffs may apply for leave to amend these counts upon future final, reviewable actions by the Dade County Board of County Commissioners.
The five counts dismissed with leave to amend involved claims that the County was estopped to change the zoning on the property involved; that the "promised" zoning was invalid; that the financing obligated unappropriated funds and pledged public credit; that the conveyance violated the Industrial Revenue Bond Statute and further violated the appellants' civil rights. The trial judge concluded that, at best, these five counts were premature and should have been dismissed until the cause of action sought to be pleaded therein became mature. While we agree with the *688 dismissal of these counts, we believe that the trial court should have dismissed them without leave to amend because less than all of the requisite elements of these causes of action were in existence when the complaint was filed. In such a case, the claims should be dismissed without leave to amend, allowing the refiling of a new suit if, as and when such alleged causes of action mature. Meredith v. Long, 96 Fla. 719, 119 So. 114 (1928); Orlando Sports Stadium v. Sentinel Star Company, 316 So.2d 607 (Fla. 4th DCA 1975); Hasam Realty Corporation v. Dade County, 178 So.2d 747 (Fla. 3d DCA 1965), cert. dismissed, 192 So.2d 499 (Fla. 1966); Trawick, Florida Practice & Procedure §§ 1-2, 14-8.
The four counts dismissed with prejudice are comprised of claims that the County is making a gift of public land for nonpublic purposes; that the contemplated lease of the land by Dade County to Dolphin Stadium Corp. is illegal because no notice or public hearing preceded it; that the contract between the County and Dolphin Stadium Corp. is an illegal contract for specific zoning; and that the lease was effectuated in violation of the competitive bidding procedures required by section 125.35, Florida Statutes (1983).
Count I, entitled "Gift of Public Land to a For-Profit Private Developer is not a Public Purpose," essentially alleges that the conveyance of realty by the Mortons to Dade County, the ninety-nine-year lease from Dade County to Dolphin Stadium Corp., and Resolution 857-84 authorizing the lease and accepting the conveyance, constituted an unlawful gift of public property to a private, for-profit enterprise in violation of state law and the common law against fraud. However, as the trial judge correctly observed, the Board of County Commissioners is authorized by statute to acquire property for public purposes by purchase, lease, gift or by eminent domain. Chs. 125 & 127, Fla. Stat. (1983). Furthermore, the use of public property as a sports stadium also has been approved as use for a public purpose. State v. City of Tampa, 146 So.2d 100 (Fla. 1962). The Florida Supreme Court in other cases has approved the use of public land by private enterprise if the public interest or benefit is significant enough. See Linscott v. Orange County Industrial Development Authority, 443 So.2d 97 (Fla. 1983) (property used for construction of regional headquarters office of multistate insurance company); State v. Osceola County Industrial Development Authority, 424 So.2d 739 (Fla. 1982) (property used for construction of a privately-owned public lodging facility); State v. Housing Finance Authority of Polk County, 376 So.2d 1158 (Fla. 1979) (public housing). Thus, appellants did not state a cause of action on this theory, and the trial court's dismissal with prejudice was proper.
Count II, entitled "Violation of Laws Requiring Public Hearings with Adequate Notice," contained allegations that the proposed lease by Dade County to Dolphin Stadium constituted an implied or express irrevocable promise to rezone, and that the County's resolution granted an impermissible land use without that form of notice and hearing required under Florida law. Appellants also argue that the resolution was adopted by Dade County without the notice and hearing as required insofar as it purported to change zoning laws. These allegations are based on the contention that the resolution in fact does constitute a change of zoning laws or a contract to effect such a change. However, the exhibits attached to the pleadings, particularly the deeds and the language of the resolution itself, contradict the allegations of the complaint and the count simply fails to state a cause of action. In fact, these exhibits actually refute such a contention. The resolution itself did not contemplate a zoning change, and appellants' attempt to construe it to do so asks this court to go beyond the clear terms of the documents in question and to infer an intent to change the zoning laws. Accordingly, we hold this count is wholly based on a false premise and fails to state a cause of action. It, too, was properly dismissed.
*689 Count III charges that, when the County accepted the gift of the land and executed the lease to Dolphin Stadium Corp., the County agreed to zone the land for a specific use, which would authorize the proposed development. However, once again, the exhibits attached to the complaint demonstrate that the County merely agreed to cooperate in the effort to obtain such changes in the zoning of the property as are reasonable and necessary for the contemplated development. This is entirely appropriate. Housing Authority of the City of Melbourne v. Richardson, 196 So.2d 489 (Fla. 4th DCA 1967). Furthermore, the lease between the parties expressly provides that such assurances shall not be held to bind the Board of County Commissioners and county agencies to grant any zoning changes requested. Therefore, Count III was correctly dismissed.
We find that appellants have stated a cause of action in Count VIII, entitled "Failure to Comply with Bid Procedures." This count alleges that the County Commission acted illegally in authorizing a lease that was not necessarily made to the highest and best bidder pursuant to section 125.35, Florida Statutes.
Appellees argue that section 125.35 does not include leases of county property in its section requiring two week publication of notice prior to conveyances of county property. Instead, the requirement is limited to county land sales. While it is true that this section of the statute was amended in 1977 to omit leasing from its notice and publication requirements (C. 77-475, amendment effective 7/12/77), the competitive bidding requirements remain part of section 125.35, which governs both sales and leases of county real property.
Even so, appellees claim that the transaction is exempt from bidding under section 125.39, Florida Statutes, which excludes conveyances for a specific purpose which contain a reversionary clause. Our review of the allegations of the amended complaint leads us to a contrary conclusion. At least the conveyance of one of the two parcels comprising this transaction does not qualify for the exemption. This count, as it incorporates previous counts, exhibits and introductory allegations, alleges that the Mortons conveyed to Dade County for use as a park or other incidental purpose twenty-two acres of the property now involved in the tract being devoted to the Dolphin improvements. The complaint and exhibits reflect that the same twenty-two acre tract was also the subject of a quitclaim deed, dated June 24, 1984, from the Mortons to Dade County, while the other one hundred thirty-eight acres were conveyed by warranty deed of even date. Both 1984 deeds contained specifications regarding the use of the property, as well as reverter clauses. It is appellants' contention that, having previously conveyed the twenty-two acres to Dade County in 1976 without reverter, the 1984 quitclaim deed by them to Dade County with reverter was of no legal effect. Thus, at least as to the twenty-two acres, there was no provision for reversion if the property were not put to the designated use. With no provision for a reverter, the exemption provision of the statutory bidding procedures contained in section 125.39, Florida Statutes, was inapplicable and, appellants claim, the lease was invalid as to that portion of the property since the tract was not necessarily leased to the highest and best bidder.
Appellee Dade County also makes the argument that since section 125.39, Florida Statutes, exempts from its competitive bidding requirements conveyances of county lands acquired for a specific purpose and containing a reverter clause, it logically follows that the exemption should also apply where to require the bidding process would preclude a conveyance of property to the county in the first instance. However, we believe this is circuitous, and faulty reasoning. The statutory exemption is clear on its face, and intended to apply only in limited circumstances. It is not intended to apply to any and all conveyances by the county whenever a party could speculate, after the fact, that the original conveyance to the county would not have been made at *690 all unless exempt from bidding. As long as a conveyance to the county includes a valid special purpose and reverter clause, the competitive bidding requirements do not apply to county dispositions. Thus, it cannot be said that a conveyance to the county in the first instance would be precluded.
Appellees argue that appellants failed to attach a copy of the twenty-two acre conveyance of 1976, that they failed to allege that Dade County accepted the conveyance, and that they failed to account for the fact that the Mortons continued to pay the taxes on the property until recently, which, they claim, established that the twenty-two acre conveyance had not been accepted by the County before 1984. However, keeping in mind that our review is properly limited to the face of appellants' complaint, we believe it was sufficient to allege there was an earlier conveyance of the twenty-two acre parcel to the County in 1976, and that it was subject to competitive bidding. The failure to attach the deed would not warrant a dismissal with prejudice. The acceptance of that conveyance, or lack thereof, is a defensive matter for the County to raise. Finally, the payment of taxes by the grantor Mortons has been held not to be dispositive on the issue of ownership. J.C. Vereen & Sons, Inc. v. City of Miami, 397 So.2d 979 (Fla. 3d DCA 1981). Therefore, at least as to the twenty-two acre conveyance, a cause of action for failure to comply with the competitive bidding statute was stated and Count VIII should not have been dismissed.
Finally, we note that, in their reply brief, appellants attempt to challenge the trial court's order regarding the standing of the homeowners' association, limiting it to representation of the property owners within the statutorily defined boundaries, for notice, and only to the extent of the rights of the individual plaintiffs, Harris and Young. However, as this issue was raised for the first time on appeal in appellants' reply brief, it cannot be considered. Zerwal v. State Farm Mut. Automobile Ins. Co., 332 So.2d 645 (Fla. 3d DCA 1976); Board of Regents v. Budjan, 242 So.2d 163 (Fla. 1st DCA 1970).
Accordingly, we affirm the dismissal of Counts I, II and III, with prejudice, and reverse the dismissal of Count VIII and remand the cause for further proceedings as to said count. Furthermore, we affirm the dismissal of Counts IV, V, VI, VII and IX, but modify the order to provide for the dismissal to be without leave to amend, such a dismissal to be without prejudice to file a new suit on such claims involving any of said counts if, as and when any of said counts becomes viable.
DOWNEY, JAMES C., DELL, JOHN W., and WALDEN, JAMES H., Associate Judges, concur.