Mr. William P. Buztrey County Attorney Escambia County Room 411, Courthouse Annex 14 West Government Street Pensacola, Florida 32501
Dear Mr. Buztrey:
The questions you have asked in your opinion request, after telephone conversations with this office, are substantially as follows:
 (1) Is a county required to use a competitive bidding procedure to lease county-owned property?
 (2) If so, what procedure should the county follow regarding notice and publication of the call for competitive bids for the lease of county-owned property?
 (3) In the event county property is leased with an option to purchase, must the lease and purchase be competitively bid separately?
 (4) Does the term of a lease affect the necessity to competitively bid county-owned property under a lease with an option to purchase such property?
In sum, I am of the following opinion:
 (1) It has been judicially determined that a county is required to competitively bid leases of property which it owns.
 (2) Absent statutorily or judicially prescribed notice and publication procedures for competitively bidding leases of property owned by the county, it is advisable to use a reasonable procedure which preserves the integrity of the competitive bidding process.
 (3) A lease with an option to purchase county-owned property must be competitively bid as a whole to preserve the lease-purchase method of disposing of property.
 (4) Absent legislative or judicial direction otherwise, the length of a lease would not affect the competitive bidding requirements for the lease of county property.
QUESTION ONE
Section 1(f), Art. VIII, State Const., in pertinent part, provides that noncharter counties "shall have such power of self-government as is provided by general or special law." This constitutional provision is statutorily implemented in s. 125.01, F.S.[1]
Counties are, therefore, empowered to carry on county government to the extent not inconsistent with general or special law.[2]
They are specifically authorized "to employ personnel, expend funds, enter into contractual obligations, and purchase or lease and sell or exchange real or personal property."[3] (e.s.)
Section 125.35(1), F.S., provides, in pertinent part, as follows:
 (a) The board of county commissioners is expressly authorized to sell and convey any real or personal property, and to lease real property, belonging to the county, whenever the board determines that it is to the best interest of the county to do so, to the highest and best bidder for the particular use the board deems to be the highest and best. . . .
 (b) No sale of any real property shall be made unless notice thereof is published once a week for at least 2 weeks in some newspaper of general circulation published in the county, calling for bids for the purchase of the real estate so advertised to be sold. In the case of a sale, the bid of the highest bidder complying with the terms and conditions set forth in such notice shall be accepted, unless the board of county commissioners rejects all bids because they are too low. The board of county commissioners may require a deposit to be made or a surety bond to be given, in such form or in such amount as the board determines, with each bid submitted.
Prior to its amendment by Ch. 77-475, Laws of Florida, s.125.35(1)(b), F.S., provided that no sale or lease of any real property could be made without notice published as prescribed therein.[4] The changes effected by Ch. 77-475, Laws of Florida, however, have been constructed by the Third District Court of Appeal, and this construction represents the law of Florida unless and until overruled or changed by The Supreme Court of Florida.[5]
In Rolling Oaks Homeowner's Association v. Dade County,[6] the Third District Court of Appeal considered whether the 1977 amendment to s. 125.35, F.S., removed the competitive bidding requirement for leasing county-owned property. The court determined that the homeowner's association had stated a cause of action in alleging that Dade County had failed to comply with competitive bidding procedures by authorizing a lease that was not made to the highest and best bidder pursuant to s. 125.35, F.S.
While the court did not specify notice requirements, the decision in Rolling Oaks does not relieve counties of the competitive bidding requirements imposed by s. 125.35, F.S., and would appear to require that counties comply with a procedure which would assure competitive bidding was used for leasing county-owned property. Recognizing that s. 125.35, F.S., was amended to omit leasing from its notice and publication requirements, the court concluded that "the competitive bidding requirements remain part of section 125.35, which governs both sales and leases of county real property."[7]
QUESTION TWO
Section 125.35, F.S., does not prescribe a notice and publication procedure for leasing county real property by competitive bids. Thus, there is no definite procedure for notice and publication to be used by counties seeking competitive bids for the lease of real property.[8]
In the absence of statutorily prescribed notice and publication requirements for leasing county-owned real property, it is advisable to use a reasonable procedure whereby the integrity of the competitive bidding process is preserved.[9]
QUESTION THREE
As concluded above, s. 125.35, F.S., has been determined to require competitive bidding for the sale or lease of real property. A lease with an option to purchase necessarily involves a lease under which the lessee has the right to purchase the property under certain terms and at a set price.[10]
I am unable to find any specific statutory or judicial direction on this issue. However, a lease-purchase agreement, by definition, could not be broken down into separate components for competitive bidding purposes without violating the concept of such an agreement. Thus, I am unable to conclude that a county desiring to dispose of property by using a lease with an option to purchase agreement could competitively bid the lease and then, upon exercise of the option to purchase, competitively bid the sale. It is my opinion, therefore, that a lease with an option to purchase must be competitively bid as a whole, with no separate competitive bidding required at the time the option to purchase is exercised.
QUESTION FOUR
I have not found, nor have you directed my attention to, any legislative provision or judicial decision indicating that the length of a lease affects competitive bidding requirements for a lease with an option to purchase county-owned property.[11]
Absent legislative or judicial direction, I can not conclude that the length of a lease on such property would have an effect upon competitive bidding requirements for a lease.
Sincerely,
Robert A. Butterworth Attorney General
(ls)
[1] Cf., Speer v. Olson, 367 So.2d 207, 210 (Fla. 1978) (Chapter125, F.S., implements s. 1(f), Art. VIII, State Const.).
[2] See, s. 125.01(1), F.S., generally enumerating those powers a county possesses in order to carry on county government.
[3] Section 125.01(3)(a), F.S.
[4] Section 125.35, F.S. (1975), provides:
 County authorized to sell real and personal property and to lease real property. — The board of county commissioners is expressly authorized to sell and convey any property, real or personal, and to lease real property, belonging to the county, whenever such board shall determine that it is to the best interest of the county to do so, to the highest and best bidder for the particular use it deems to be the highest and best, for such length of term and such conditions as the governing body may in its discretion determine. No sale or lease of any real property shall be made unless notice thereof shall be published once a week for at least 2 weeks in some newspaper of general circulation published in the county, calling for bids for the purchase or lease of the real estate so advertised to be sold or leased. The bid of the highest bidder, in the case of a sale, or, in case of lease, the bid serving the highest public interest as authorized herein, complying with the terms and conditions set forth in such notice, shall be accepted unless the board of county commissioners shall reject all bids because the same are too low. The board of county commissioners may require a deposit to be made or a surety bond to be given, in such form or in such amount as the board shall determine, with each bid submitted. (e.s.)
[5] See, Stanfill v. State, 384 So.2d 141, 143 (Fla. 1980), citing Johns v. Wainwright, 253 So.2d 873 (Fla. 1971), and Ansin v. Thurston, 101 So.2d 808 (Fla. 1958), for the proposition that decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by The Supreme Court of Florida. See also, Johnson v. State, 91 So.2d 185, 187
(Fla. 1956), setting forth the rule of statutory construction that the failure of the Legislature to amend a statute which has been judicially construed amounts to legislative acceptance or approval of the construction. Cf., Berger v. Jackson, 23 So.2d 265
(Fla. 1945) (generally, title of an act may be considered in determining the intent of the Legislature; title of act is to be given due weight).
[6] 492 So.2d 686 (3 D.C.A.Fla., 1986).
[7] Rolling Oaks at 689. Cf., AGO 82-18 (dirt with commercial value should be sold to the highest and best bidder) and AGO 51-396 (public policy and good business make it in county's best interest to advertise for and obtain bids on sales of personal property). These opinions show where this office has concluded that competitive bidding is required for the sale of a county's personal property, regardless that there are no statutory requirements for published notice of the sale of personal property under s. 125.35, F.S.
[8] Cf., Section 286.011, F.S., Florida's Sunshine Law, which requires all meetings of an agency or authority of any county, municipal corporation or political subdivision at which official acts are to be taken to be public meetings open to the public at all times. While s. 286.011, F.S., does not expressly require that notice of such meetings be given, it has been judicially determined that reasonable notice is required [Hough v. Stembridge, 278 So.2d 288 (3 D.C.A.Fla., 1973), concluding, while notice is not specifically required by s. 286.011, F.S., in order for a public meeting to be "public," reasonable notice thereof is mandatory], and this office has determined that "reasonable" notice is an implicit and inherent requirement under s. 286.011, F.S. See, AGO 80-78 (Section 286.011, F.S., does not expressly require notice to be given for public meeting, however, advisable to give notice at time and in manner so as to enable the press and other interested members of the public to attend any meetings of the agency subject to the Sunshine Law; precise type of notice required is variable and must be determined in the context of a particular situation).
[9] See, Marriott Corporation v. Metropolitan Dade County,383 So.2d 662, 665 (3 D.C.A.Fla., 1980), generally discussing the purpose of competitive bidding as protecting the public, assuring fair consideration of offers and best prices for the public authority, and assuring that the public authority may not arbitrarily or capriciously discriminate between bidders or make the award on the basis of personal preference. Compare, s.125.35(1)(b), F.S., requiring published notice once a week for at least two weeks before the sale of any county-owned real property is made.
[10] Black's Law Dictionary Lease with option to Purchase 801 (5th ed. 1979).
[11] Cf., s. 125.031, F.S., limiting leases or lease-purchases to thirty years for properties needed for public purposes.