## NEW CITRUS PARK APARTMENTS v JACKSON
### Case No. 89-13890-CC-C

County Court, Broward County

January 8, 1990

**APPEARANCES OF COUNSEL**

**Lloyd B Silverman,** for plaintiff.

**Abbe Cohn,** Legal Aid Services of Broward, Inc., for defendant.

**OPINION OF THE COURT**

ROBERT S. ZACK, County Judge.

THIS CAUSE came before the Court on November 17, 1989, upon the Defendant's Amended Motion for Rehearing. The Court having reviewed its file, heart argument of respective counsel and being otherwise advised in the premises, makes the following:

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

I.

*FINDINGS OF FACT*

1. The three-day notice to pay rent or vacate the premises dated August 7, 1989 attached to the Plaintiff's Complaint for Tenant Eviction is fatally and jurisdictionally defective. The notice has failed to comply with section 83.56(3), Florida Statutes, in that it included charges other than rent and specifically asked for late fees.

## II.

### CONCLUSIONS OF LAW

A. The three-day notice attached to the Plaintiff's Complaint for Tenant Eviction is fatally and jurisdictionally defective, and thus, the Court lacks subject matter jurisdiction over these proceedings. In *Hoche v Berry,* 5 F. S. 2d 111 (Orange County Ct. 1981), the Court held a three-day notice which includes late fees is not sufficient to terminate a tenancy for non-payment of rent, pursuant to section 83.56(3), Florida Statutes. Similarly, in *Barcelona West v Ellis,* 4 F. S. 2d 71 (Orange County Ct. 1983), the Court held that a notice which included late fees was fatally defective because late fees are not considered rent and thus the notice failed to comply with section 83.56, Florida Statutes.

B. Therefore, the Writ of Possession entered herein on October 25, 1989, is hereby quashed;

C. The Default Judgment for Eviction entered herein on October 24, 1989, is hereby set aside;

D. The Plaintiff's Complaint for Tenant Eviction is hereby dismissed, without prejudice; and

E. The Defendant is to be forthwith put back in possession of the subject premises.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of January, 1990.