## NODLAND v HUGGINS

Case No. 90-002447-39

Sixth Judicial Circuit, Pinellas County

July 19, 1990

### APPEARANCES OF COUNSEL

**William H. Winters, Esquire,** for plaintiff.

**John W. Kunberger, Esquire,** Gulfcoast Legal Services, Inc., for defendant.

### OPINION OF THE COURT

DAVID DEMERS, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT*

THIS CAUSE having come on to be heard on Defendant's Motion to Dismiss and Plaintiff's Motion to Amend Complaint, and the Court

heaving heard the argument of counsel and being otherwise fully advised in the premises, makes the following findings:

### FINDINGS OF FACT

1. Plaintiff filed an action to evict Defendant on May 15, 1990, for non-payment of rent. Attached to Plaintiff's Complaint was a notice which provided in pertinent part: May 1, 1990 Ms. Betty Huggins 5600 43rd Street North St. Petersburg, FL 33714 Ms. Huggins: I hereby demand full payment of back rent, including utilities, by May 30,1990. The power will be off on 5-30-90. Failure to bring your payment current by that date will result in the issuance of a "Demand for Surrender of Premises", in accordance with Florida Statute 83.10(2). Sincerely, KARL J. NODLAND 6690 31st Terr. No. St. Petersburg, FL 33710

2. The notice dated May 1, 1990, attached to Plaintiff's Complaint for Tenant Eviction & Back Rent is fatally and jurisdictionally defective in that it fails to substantially comply with the requirements of Section 83.56(3), Florida Statutes. The notice fails to set forth the exact amount of rent due, it makes demand for charges that are not rent (specifically "utilities"), and it fails to inform the tenant that if the rent left due is paid, she would have the right to remain on the premises.

3. A notice in substantial compliance with Section 83.56(3), Florida Statutes, is a condition precedent to the statutory cause of action for eviction.

4. Since Plaintiff's Notice was not in substantial compliance with said section, his cause of action did not arise and could not be properly commenced at the time suit was filed.

5. Plaintiff cannot Amend his Complaint based upon the issuance of a new THREE DAY NOTICE to pay rent after the filing of the action to remedy the defect of failing to have a valid cause of action on the facts existing at the time of filing suit.

### CONCLUSIONS OF LAW

A. The notice attached to Plaintiff's Complaint for Tenant Eviction & Back Rent is fatally and jurisdictionally defective, thus depriving this Court of subject matter jurisdiction over these proceedings. The notice is defective in that it does not set out the amount of rent due and asks for charges other than rent. *Hoche v Berry,* 5 Fla. Supp.2d 110 (Orange County Ct. 1981), *Barcelona West v Ellis,* 4 Fla. Supp.2d 71 (Orange County Ct. 1988), *New Citrus Park Apartments v Jackson,* 38 Fla. Supp. 2d 191 (Broward County Ct. 1990). The notice additionally

fails to advise the tenant of her right to remain on the premises if the rent due and requested is timely paid, as is required by Section 83.56(3), Florida Statutes. Thus Plaintiff's notice fails to substantially comply with the requirements of Section 83.56(3), Florida Statutes;

B. Proper notice is a condition precedent to the statutory action for eviction, thus Plaintiff's cause of action did not arise and could not be properly commenced at the time suit was filed. *Ferry-Morse Seed Company v Hitchcock,* 426 So.2d 958 (Fla. 1983); *Investment and Income Realty, Inc. v Bentley,* 480 So.2d 219 (Fla. 5th DCA 1985);

C. The Plaintiff's Complaint for Tenant Eviction & Back Rent is hereby dismissed, without prejudice;

D. Plaintiff cannot amend his Complaint based upon the issuance of a new THREE DAY NOTICE to pay rent after the filing of the action to remedy the defect of failing to have a valid cause of action on the facts existing at the time of filing suit. *Williams v Moorer,* CO 88-01215039 (Pinellas County Ct., 1989); *Hasam Realty Corporation v Dade County,* 178 So.2d 747 (Fla. 3d DCA 1976); *Bondu v Gurvich,* 473 So.2d 1307 (Fla. 3d DCA 1984); *Daytona Beach Racing and Recreational Facilities District v Volusia County,* 355 So.2d 175 (Fla. 1st DCA 1978); *Orlando Sports Stadium, Inc. v Sentinel Star, Inc.,* 316 So.2d 607 (Fla. 4th DCA 1975);

E. The Plaintiff's Motion to Amend Complaint for Tenant Eviction is hereby denied; and

F. The Court retains jurisdiction for the award of Defendant's attorney fees.

DONE AND ORDERED in Chambers, at St. Petersburg, Pinellas County, Florida, this 19th day of July, 1990.