## LABRADA v BARRIOS

Case No. 90-3754 CC 21

County Court, Dade County

October 3, 1990·

**APPEARANCES OF COUNSEL**

**Bruce N. Crown, Esquire,** for plaintiff.

**Peter H. Barber, Esquire,** Legal Services of Greater Miami, Inc., for defendant.

**OPINION OF THE COURT**

NANCY J. POLLOCK, County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS CAUSE is before the Court on defendant's Motion to Dismiss and the Court having held a hearing on September 28, 1990 and being fully advised in the premises hereby rules as follows:

This is an action for possession of a dwelling unit under § 83.59, Fla. Stat. The defendant-tenant has argued, by way of a Motion to Dismiss, that the notice terminating the tenancy is deficient and therefore plaintiff has failed to comply with a condition precedent to bringing an action for possession.

Under § 83.59(1) a landlord may only recover possession of a dwelling unit if the rental agreement is properly terminated and the tenant does not vacate the premises after that termination. For a landlord to terminate the tenancy for nonpayment of rent, as the landlord has attempted to do in the present case, he must deliver to the tenant a written demand for payment of the rent or possession of the premises in accordance with § 83.56(3) Fla. Stat. The notice must notify the tenant the amount of the rent due, indicate the address of the leased premises and that the landlord demands payment or possession within three days (excluding Saturday, Sunday and legal holidays) from the date of delivery of the notice as well as specifying the last day on which tender by the tenant can be made.

The notice in the present case, which was attached to the complaint, was deficient for a number of reasons. It did not demand payment of any rent, let alone specify the amount due; it did not give the address of the leased premises; and it did not give the tenant any option to tender the rent.

Because the plaintiff has not served a proper notice terminating the tenancy for nonpayment of rent he has not properly invoked the jurisdiction of this Court. Therefore defendant's Motion to Dismiss is meritorious and must be granted.

The complaint will be dismissed without prejudice and plaintiff will be allowed to file a new action upon meeting the necessary preconditions to a statutory action under § 83.59 Fla. Stat. The plaintiff's attorney requested at the hearing leave to file an amended complaint. However, the proper procedure is to file a new action, not an amended complaint in the present action. In *Rolling Oaks Homeowners Assn. v Dade County,* 492 So.2d 686 (3rd DCA, 1986), the court held that when less than all of the requisite elements of the cause of action are in existence when the complaint is filed the trial court should dismiss without leave to amend. 492 So.2d at 688. "In such a case, the claims should be dismissed without leave to amend, allowing the refiling a new suit if, as and when such alleged causes of action mature." *Id.*

It is therefore ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss be and the same is hereby GRANTED.

2. This case be and the same is hereby DISMISSED without prejudice.

ORDERED AND ADJUDGED in Chambers at Hialeah, Dade County, Florida this 3rd day of October, 1990.