## LAWSON v ALVEREZ
### Case No. CL-90-002791
County Court, Manatee County

December 27, 1990

**APPEARANCES OF COUNSEL**

**Dan W. Lawson,** pro se.

**Walter Carfora, Esquire,** Gulfcoast Legal Services, Inc., for defendant.

**OPINION OF THE COURT**

GEORGE K. BROWN, JR., County Judge.

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS CAUSE is before the Court on Defendant's Motion to Dismiss and the Court having held a hearing on December 13, 1990, and being fully advised in the premises hereby rules as follows:

This is an action for possession of a dwelling under F.S. 83.59. The

Defendant/tenant has argued, by way of a Motion to Dismiss, that the notice terminating the tenancy is deficient and therefore Plaintiff has failed to comply with a condition precedent to bringing an action for possession.

Under F. S. 83.59(1), a landlord may only recover possession of a dwelling unit if the rental agreement is properly terminated and the tenant does not vacate the premises after that termination. For a landlord to terminate the tenancy for nonpayment of rent, as the landlord has attempted to do in the present case, he must deliver to the tenant a written demand for payment of the rent or possession of the premises in accordance with F.S. 83.56(3). The demand must notify the tenant of the amount of the rent due, indicate the address of the leased premises and that the landlord demands payment or possession within three days (excluding Saturday, Sunday and legal holidays) from the date of delivery of the notice, and must specify the last day on which tender by the tenant can be made.

The notice in the present case, which was attached to the Complaint, was deficient for a number of reasons.

It did not exclude Saturday, Sunday and legal holidays from the three days within which tender by the tenant could be made, it added interest charges and late fees to the rental payment demand, and it instructed the tenant to leave all his personal property behind if the tenant elected to vacate the premises.

Because the Plaintiff has not served a proper notice terminating the tenant for nonpayment of rent he has not properly invoked the jurisdiction of this Court. Therefore Defendant's Motion to Dismiss is meritorious and must be granted.

The Complaint will be dismissed without prejudice and Plaintiff will be allowed to file a new action upon meeting the necessary precondition to a statutory action under F.S. 83.59. The Court finds that the proper procedure is to file a new action, not an amended complaint in the present action. In *Rolling Oaks Homeowners Assn. v Dade County*, 492 So.2d 686 (3d DCA 1986), the Court held that when less than all of the requisite elements of the cause of action are in existence when the complaint is filed the trial court should dismiss without leave to amend. 492 So.2d at 688. "In such a case, the claims should be dismissed without leave to amend, allowing the refiling a new suit if, as and when such alleged cause of action mature." *Id.*

It is therefore ORDERED AND ADJUDGED:

1. Defendant's Motion to Dismiss be and the same is hereby GRANTED.

**95**

2. This case be and the same is hereby DISMISSED without prejudice.

ORDERED AND ADJUDGED in Chambers, Manatee County, Bradenton, Florida this 27th day of December, 1990.