# PALAWSKI v DULEY, et al.

## Case No. CL-91-002685

County Court, Manatee County

November 1, 1991

### APPEARANCES OF COUNSEL

**James J. Palawski,** pro se.

**Linda A. Lorrier, Esquire,** Gulfcoast Legal Services, Inc., for defendant.

### OPINION OF THE COURT

*ORDER GRANTING DEFENDANT'S MOTION TO DISMISS*

THIS CAUSE having come on to be heard on Defendant's motion to dismiss Plaintiff's Complaint and the Court having heard the arguments of counsel and being otherwise fully advised in the premises, makes the following findings.

*FINDINGS OF FACT*

1. Plaintiff filed an action to evict Defendant on October 18, 1991, for non-payment of rent.

2. Attached to Plaintiff's Complaint was a notice dated October 13,

1991, which provided in pertinent part: You are hereby notified that you are indebted to me in the sum of $560.00 for rent and use of the premises above described, now occupied by you. Plus water from 10/10/91. Your rental agreement is from week to week or month to month at $360.00 per month due on the 10th of each month. I demand payment of the rent or possession of said premises within three days (excluding date of service, Saturdays, Sundays and legal holidays) from date of delivery of this notice, to wit: on or before the 16 day of October.

3. The 3-Day Notice dated October 13, 1991, allegedly served upon the Defendant to pay rent or vacate is fatally and jurisdictionally defective in that it does not substantially comply with the provisions of Florida Statutes § 83.56(3). The Notice is defective in that it fails to set forth the exact amount due and makes demand for charges that are not rent, specifically water charges.

4. Additional charges, unless designated as rent in a written agreement, do not constitute rent as defined in Florida Statutes § 83.43(3). No written agreement exists in this case designating water charges as rent and therefore their payment cannot be properly demanded in a 3-Day Notice to pay rent or vacate the premises under § 83.56(3).

5. The Plaintiff failed to terminate the rental agreement in compliance with the provisions of Florida Statutes § 83.57 and therefore failed to comply with a condition precedent to bringing an action for possession.

6. Since the Plaintiff did not serve proper notice terminating tenancy, the jurisdiction of the Court has not been properly invoked.

## CONCLUSIONS OF LAW

A. The 3-day Notice allegedly served upon the Defendant to pay rent or vacate is fatally and jurisdictionally defective in that it failed to set forth the exact amount of rent due and makes a demand for charges that are not rent, specifically water charges. *Nodland v Huggins,* 44 Fla. Supp. 2d 90 (Fla. Pinellas Cty. Ct. 1990);

B. Additional charges, unless designated as rent in a written agreement, do not constitute rent as defined in Florida Statute § 83.43(6). No written agreement exists in this case designating water charges as rent and therefore their payment cannot be properly demanded in a 3-day Notice to pay rent or vacate the premises under § 83.56(3). *Hoche v Berry,* 5 Fla. Supp. 2d 110 (Fla. Orange Cty. Ct. 1981); *Barcelona West v Ellis,* 4 Fla. Supp. 2d 71 (Fla. Orange Cty. Ct. 1983); *Metropolitan Dade County v Dansey,* 39 Fla. Supp. 2d 216 (Fla. Dade

Cty. Ct. 1990); *New Citrus Park Apartments v Jackson,* 38 Fla. Supp. 2d 191 (Fla. Broward Cty. Ct. 1990);

C. The Plaintiff failed to terminate the rental agreement in compliance with the provisions of Florida Statutes § 83.57 and therefore failed to comply with a condition precedent to bringing an action for possession;

D. The Plaintiff did not serve proper notice terminating tenancy, therefore, the jurisdiction of the Court has not been properly invoked. *Lawson v Alvarez,* 46 Fla. Supp. 2d 94 (Fla. Manatee Cty. Ct. 1990);

E. The Plaintiff's Complaint for Tenant Eviction is hereby dismissed, without prejudice; and

F. The Court retains jurisdiction for the award of Defendant's attorney fees.

**DONE AND ORDERED** in Chambers, at Bradenton, Manatee County, Florida this 1st day of November, 1991.